EDWARD COLEMAN, Appellant, v. NEW AMSTERDAM CASUALTY COMPANY, Respondent.

Insurance (indemnity) — contract — effect of section 109 of Insurance Law providing that injured person may maintain action against insurance company where judgment against insured is returned unsatisfied — breach of condition vitiating policy good defense to such an action — policy vitiated by refusal of insured to co-operate in defense — meaning of " co-operation "— policy ended at election of insurer on breach by assured of condition of policy that it would " co-operate " with insurer.

1. The effect of section 109 of the Insurance Law (Cons. Laws, ch. 28) providing that insolvency or bankruptcy of the assured " shall not release the insurance carrier from the payment of damages," and " in case execution * * * is returned unsatisfied * * * because of such insolvency or bankruptcy, that then an action may be maintained by the injured person * * * against such corporation under the terms of the policy," is to give to the injured claimant a cause of action against the insurer for the same relief that would be due to a solvent principal seeking indemnity from the insurer after

the judgment had been satisfied. The cause of action is no less but also it is no greater. Assured and claimant must abide by the conditions of the contract. A defense to an action brought under such statute that there was a breach of a condition vitiating the policy is, therefore, good.

2. A provision in a policy of indemnity insurance, issued by defendant, that if a claim is made assured shall give notice thereof and "at all times render the company all co-operation and assistance in his power," is violated where assured, through one of its officers admitted to defendant's attorney that a mistake had been made in filling a prescription but refused to say more unless the defendant would undertake to pay any judgment recovered against the officer as well as any judgment recovered against the assured. Though co-operation does not mean that the assured is to combine with the insurer to present a sham defense, it does mean that there shall be a fair and frank disclosure of information reasonably demanded by the insurer to enable it to determine whether there is a genuine defense. The attitude of the assured in refusing information except upon assumption by the insurer of an obligation not covered by its contract was one of willful and avowed obstruction.

3. An argument that the default should be condoned, since there is no evidence that co-operation, however willing, would have defeated the claim for damages or diminished its extent, misconceives the effect of a refusal. Co-operation with the insurer is one of the conditions of the policy. When the condition was broken, the policy was at an end, if the insurer so elected.

*Coleman* v. *New Amsterdam Casualty Co.*, 220 App. Div. 748, affirmed.

(Argued January 10, 1928; decided February 14, 1928.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 25, 1927, unanimously affirming a judgment in favor of defendant entered upon an order of the court at a Trial Term setting aside a verdict in favor of plaintiff directed by the court and directing a dismissal of the complaint.

*Harold Cohn* and *Joseph Fried* for appellant. Under a proper construction of section 109 of the Insurance Law, the failure of the insured to co-operate in the defense of the prior action is not a defense to this action. (*Roth* v. *Nat. Automobile Mutual Cas. Co.,* 202 App. Div. 667;

*Schoenfeld* v. *N. J. Fid. & Plate Glass Ins. Co.*, 203 App. Div. 796; *Merchants Liability Co.* v. *Smart*, 267 U. S. 126; *Archer* v. *Equitable Life Assur. Soc.*, 218 N. Y. 18.) There was no material breach of any of the conditions of the insurance policy by the assured. (*Collins* v. *Standard Acc. Ins. Co.*, 170 Ky. 27; *Roth* v. *National Automobile Casualty Co.*, 202 App. Div. 667; *Porter* v. *Traders Ins. Co.*, 164 N. Y. 504; *Taxicab Motor Co.* v. *Pacific Coast Cas. Co.*, 73 Wash. 631; *Ward* v. *Maryland Cas. Co.*, 71 N. H. 262.)

*Richard F. Weeks* and *Frederick Mellor* for respondent. The failure of Endicott Drug Stores, Inc., to co-operate in the defense of the action of Coleman against Endicott Drug Stores, Inc., is a defense to this action. (*Roth* v. *Nat. Automobile Mut. Cas. Co.*, 202 App. Div. 667; *Schoenfeld* v. *N. J. Fid. & Plate Glass Ins. Co.*, 203 App. Div. 796; *Schroeder* v. *Columbia Cas. Co.*, 126 Misc. Rep. 205.) The respondent proved a failure on the part of the assured to co-operate with the insurer in the defense of the Coleman action, which breach was material as a matter of law, and justified the court in dismissing the complaint. (*Oakland Motor Co.* v. *Am. Fid. Co.*, 190 Mich. 94.)

Cardozo, Ch. J.   The defendant issued to the Endicott Drug Store, Incorporated, its policy of insurance " indemnifying the assured against loss from the liability imposed by law  *  *  *  as a result of any error or mistake  *  *  *  in the preparation of drugs or medicines or in filling any prescription or order for the same." The insurance was subject to conditions. One of these (condition B) is to the effect that " the assured shall give immediate written notice of any alleged error or mistake of which he has knowledge, with the fullest information obtainable at the time," that " if a claim is made on account of such error or mistake," he " shall give like notice thereof with full particulars," and that he " shall

at all times render the company all co-operation and assistance in his power."

Plaintiff, a·customer, sued the assured for damages, claiming error in filling a prescription for a mixture of belladonna·and nitroglycerine. The prescription called for twelve capsules. By error the full quantity prescribed was put into each of the capsules instead of being divided among all. The attorney for the insurer made ready to defend the suit. He sent for the secretary of the assured, one Weiss, who had compounded the prescription. Weiss said there had been a mistake, and refused to say more, unless the insurer would undertake to pay any judgment recovered against him as well as any judgment recovered against his corporation, the assured. On the refusal of the attorney to enlarge the liability, Weiss announced that he would neither sign an answer nor tell anything he knew. Letters were written to the assured requesting that some officer be sent to verify an answer, and later requesting a conference as to the merits of the claim at any time or place desired. The letters were ignored. In the end the insurer gave notice that it disclaimed liability, since the assured was unwilling to aid in the defense. Judgment for damages followed by default. The assured was adjudged a bankrupt, and execution was returned unsatisfied.

Plaintiff brings this action under Insurance Law (Cons. Laws, ch. 28), section 109, providing that insolvency or bankruptcy of the assured " shall not release the insurance carrier from the payment of damages," and " in case execution  *  *  *  is returned unsatisfied  *  *  * because of such insolvency or bankruptcy, then an action may be maintained by the injured person  *  *  * against such corporation under the terms of the policy." The insurer defends upon the ground that there was a breach of a condition, vitiating the policy. The trial judge, after taking the verdict of a jury, dismissed the complaint. The Appellate Division unanimously affirmed.

(1) The argument is made that the effect of section 109 of the Insurance Law is to create an original obligation in favor of the injured claimant for the amount of any judgment recovered against the holder of the policy without reference to any breach of condition as between insurer and assured. We see no basis for such a ruling (cf. *Schoenfeld* v. *N. J. Fid. & Plate Glass Ins. Co.*, 203 App. Div. 796, 800; *Roth* v. *Nat. Auto Mut. Cas. Co.*, 202 App. Div. 667, 669; *Lorando* v. *Gethro*, 228 Mass. 181, 185, 186). By express provision of the statute, the action is to be " maintained by the injured person * * * against such corporation under the terms of the policy." If the terms could be disregarded, insurers would be helpless to defend themselves against chicanery or covin. They might then be held though there had been neither notice of the claim nor opportunity reasonably prompt to investigate the merits (cf. *Lorando* v. *Gethro*, 228 Mass. 181, 185). The plaintiff argues that a bankrupt holder of a policy colluding with an insurer could refuse to co-operate, and thus enable the insurer to cheat the statutory remedy. With equal force, the defendant can argue that a bankrupt assured could collude with a claimant to fasten upon the insurer a fictitious liability. The statute was prompted by a definite mischief (cf. *Lunt* v. *Ætna Ins. Co.*, 253 Mass. 610; *Roth* v. *Nat. Auto Mut. Cas. Co.*, *supra*). Before its enactment, the insolvency of the assured was equivalent in effect to a release of the surety. The policy was one of indemnity against loss suffered by the principal, and loss to him there was none if he was unable to pay. The effect of the statute is to give to the injured claimant a cause of action against an insurer for the same relief that would be due to a solvent principal seeking indemnity and reimbursement after the judgment had been satisfied. The cause of action is no less but also it is no greater. Assured and claimant must abide by the conditions of the contract.

(2) The question remains whether the conduct of the

assured was such a refusal to co-operate as to vitiate the policy.  We are satisfied it was.  Co-operation does not mean that the assured is to combine with the insurer to present a sham defense.  Co-operation does mean that there shall be a fair and frank disclosure of information reasonably demanded by the insurer to enable it to determine whether there is a genuine defense.  The attitude of this assured was one of willful and avowed obstruction.  It did not deny that it was in a position to give information, material and instructive, in aid of an investigation of the grounds of liability.  It affixed to the disclosure of whatever information it had an untenable condition, the assumption by the defendant of an obligation not covered by the contract.  The insurer was not required to content itself with an unexplained admission that a mistake had occurred, when, coupled with the admission, there was a refusal to say more except at a price.  The cause and occasion of the mistake were facts undisclosed, yet important to be known.  The drugs or their containers might have been misbranded by the manufacturer or by some one else.  The ingredients might have been harmless.  In divers ways, there might be defense to a charge of negligence, or at all events palliation, though mistake were conceded.  The default of the assured was more than sluggishness or indifference, phases of thought and conduct that might be the subject of varying inferences when considered by a jury.  It was so avowed and purposed that but one inference is possible.  If this was co-operation, one is at a loss to imagine when co-operation could be lacking.

The plaintiff makes the point that the default should be condoned, since there is no evidence that co-operation, however willing, would have defeated the claim for damages or diminished its extent.  For all that appears the insurer would be no better off if the assured had kept its covenant, and made disclosure full and free.  The argument misconceives the effect of a refusal.  Co-operation

with the insurer is one of the conditions of the policy. When the condition was broken, the policy was at an end, if the insurer so elected. The case is not one of the breach of a mere covenant, where the consequences may vary with fluctuations of the damage.. There has been a failure to fulfill a condition upon which obligation is dependent.

Other rulings complained of have been considered, but no error has been found in them.

The judgment should be affirmed with costs.

POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment affirmed, etc.