MARCO COLLABOLLETTA, an Infant, etc., Plaintiff, *v.* TRAVELERS' INSURANCE COMPANY, Defendant.

Supreme Court, Westchester County, January 16, 1930.

*Stephen R. J. Roch*, for the plaintiff.
*William J. Moran*, for the defendant.

TAYLOR, J. The language of the policy is clear and unambiguous in relation to the exact indemnity which is provided to the assured; the terms of the policy, therefore, are to be construed " in their plain, ordinary, and proper sense." (*Preston* v. *Ætna Ins. Co.*, 193 N. Y. 142, at p. 144.) And such terms should be made " effective even when the words [of the policy] have been selected by an insurance company." (*Witherstine* v. *Employers' Liability Assur. Corp., Ltd.*, 235 N. Y. 168, 173.) Bearing these principles in mind as they apply to the undisputed facts of the present case, I determine, as a matter of law, upon such facts (1) that the operation by the assured of their coal yard and coal business upon or near the location specified in the declarations of the policy, and (2) that the injuries received by the infant plaintiff, upon the coal conveyor operated in connection with the coal business of the said assured, in the rear of the apartment premises mentioned in the policy and complaint, *were not contemplated* by the terms of the policy, the indemnity furnished by which to the assured, applied only to injuries resulting (a) from the ownership, care, maintenance, occupation or use of the premises *described in the declarations* (of the assured) in the policy, or (b) from any business operations *disclosed in the declarations as therein conducted by the assured.* The declarations disclosed only (1) the location of the insured premises as being at 105 Columbus avenue, Tuckahoe; (2) that said premises were occupied by apartments, of which (3) the assured occupied two apartments. There was no disclosure in the declarations, in express words or by necessary or any implication, to the effect that the insured premises contained a coal yard upon which the assured were conducting a coal business, selling goods to the public, as was subsequently claimed by the injured plaintiff to be the fact. Concededly, it was upon an implement used in that coal business upon which the plaintiff received his personal injuries; and as the plaintiff, in accordance with well-settled legal principles, stands " in the shoes of the assured " (*Coleman Case, infra*), he has no better claim against the defendant-insurer than the two of the assured who were cast in damages included in a verdict upon which judgment was entered, at the instance of the plaintiff, because of the latter's injuries received upon the conveyor, would have had if they, solvent, had paid the judgment which the plaintiff recovered against them (Ins. Law, § 109, added by Laws of 1917, chap. 524, as amd. by Laws of 1924, chap. 639; *Coleman* v. *New Amsterdam Casualty Co.*, 247 N. Y. 271; *Rushing* v. *Commercial Casualty Ins. Co.*, 251 id. 302); and such assured, upon the undisputed facts, would have had no valid claim against the defendant by virtue of any provision of the policy — this for the simple reason

that the policy provided no indemnity to the assured against damages for injuries to persons, sustained upon implements used in the coal business *undisclosed in the declarations in the policy*.

The plaintiff, upon the undisputed proof, has not a cause of action against the insurer. Under the stipulation of the parties, the court is permitted to direct a verdict as if a jury were actually present. The jury is directed to find a verdict in favor of the defendant. The clerk will record in his minutes such verdict as being returned by the jury.