LARKIN v. MUNSON S. S. LINE et al.

No. 106.

Circuit Court of Appeals, Second Circuit.

Dec. 5, 1938.

Gazan & Caldwell and Simone N. Gazan, all of New York City, for appellant.

Tompkins, Boal & Tompkins, of New York City (Arthur M. Boal, of New York City, of counsel), for American Insurance Co.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

This is an appeal from an order in the reörganization in bankruptcy of the Munson Steamship Company, which adjudged that the claim of one of its seamen against the American Insurance Company be disallowed, and that a master's findings and report to that effect be confirmed. Larkin,

a seaman on one of the Line's ships, was injured and made claim against it; an agent of the Line persuaded him to settle for $1,000, payable within ten days, and submitted this proposal to its "insurance carrier", the American Insurance Company, as required by the terms of its policy. The insurer agreed, but the Line went into reorganization, and as it failed to pay the sum agreed within the time stipulated, Larkin repudiated the settlement. Later he sued the Line in the Eastern District of New York, and he and the trustees in reörganization thereafter agreed that the claim should be liquidated for the purposes of the reörganization as follows: $900 to him for cure and maintenance, to be a lien upon the ship on which he had served; and $5,350, indemnity, to be allowed as a general claim, subject to reduction by any amount which Larkin "recovers or receives from said American Insurance Company". Thereafter Larkin, the trustees and the American Insurance Company, stipulated that the claim, as allowed and proved, should be taken as a judgment against the Line, and that the question whether he had a claim against the insurer, and for how much, should be referred to a master to hear and report. An order was later entered, allowing the claim against the Line as stipulated, directing that the validity of Larkin's claim against the insurer should be referred, and that any amount found due should be deducted; to this order Larkin, the trustees and the insurer all consented. A master was then appointed, who took testimony and reported that the claim against the insurer was invalid in toto, upon which the judge entered the order appealed from, which, as we have said, merely affirmed the findings and disallowed the claim. Larkin appealed only from this order.

▮▮▮ The district court of course had jurisdiction to liquidate Larkin's claim against the Line. If the Line was entitled to deduct Larkin's recovery against insurer from the face of the claim, that could only be because it was in effect a surety, and the insurer the principal, just as an insurer is always the principal because the eventual loss falls upon him. In that event the claim should be liquidated as any contingent claim in reörganization is liquidated; subdivision (b) (10) of § 77B Bankr.Act, 11 U.S.C.A. § 207(b) (10) includes "claims of whatever character" against the debtor. However, it might be argued that the district court had dependent jurisdiction to liquidate Larkin's right of action against the insurer, as an incident to the liquidation of his contingent claim against the debtor; jurisdiction in sequestration suits would probably extend so far, and possibly we ought to construe the reörganization statute as amply. That is a point which we need not, however, decide, because the Line was not a surety, but the principal in the transaction, and the insurer was not an insurer in the ordinary sense, but a surety. Larkin's claim against the debtor was therefore allowable in full, regardless of whether he had any claim against the insurer; and the district court had no dependent jurisdiction over the insurer, since that was not necessary to the final liquidation of the claim against it.

▮▮▮ This conclusion depends upon the interpretation of § 109 of the New York Insurance Law, Consol.Laws N.Y. c. 28, upon the relations of the parties. The failure of the Line to put through its settlement with Larkin released the insurer quoad the insured; we need not go into the details. Let up suppose arguendo with Larkin that the statute made the insurer liable to him, notwithstanding provisions to the contrary in the policy; even so, the actual terms of the policy should not be disregarded as between the insured and the insurer. The statute provides, it is true, that the policy shall "be deemed to include the provisions required" and that "when any provision in such policy * * is in conflict with the provisions required * * * the rights, duties and obligations of the insurer, the policyholder and the injured person shall be governed by the provisions of this section". But what is the required "provision" relevant to this case? Only "that the insolvency or bankruptcy of the person insured or the insolvency of his estate, shall not release the insurance carrier from the payment of damages for injury sustained". That provision is not "in conflict with" provisions of the policy under which as between the insured and insurer the insured bears the loss. The purpose of the statute was only to protect the injured person; the insured needed no protection, he could take out what kind of insurance he chose, and except for the one condition of his insolvency, its terms would be enforced; indeed even against the injured person. Coleman v. New Amsterdam Casualty Co., 247 N.Y. 271, 160 N. E. 367, 72 A.L.R. 1443; Brustein v. New

Amsterdam Casualty Co., 255 N.Y. 137, 174 N.E. 304. We therefore hold that if Larkin had not proved his claim, the insurer could have done so under § 57i, Bankr. Act, 11 U.S.C.A. § 93(i), and that if it had paid him, it would have been subrogated to his rights. It follows, as we have already said, that he could prove without deduction, reserving his claim against the insurer, and that it was not necessary to the liquidation of his claim against the debtor to adjudicate that claim. The order appealed from must therefore be reversed for lack of jurisdiction.

The order liquidating Larkin's claim against the debtor which incorporated the deduction is not before us, and we cannot deal with it. It is possible in the light of our decision that the parties may wish to apply to the district court to modify it. That court will probably construe the putative deduction for which it provides as including only an adjudication of Larkin's claim against the insurer in the reörganization proceeding itself. As we are now holding that there can be no such adjudication, the trustees may wish to be relieved from their stipulation, and to compel Larkin to prove his claim by evidence. And Larkin, not content with the stipulated amount if his claim against the insurer must be adjudicated elsewhere, may also wish to reopen the case. We suggest no answer to these questions: all we do is to reverse the order appealed from, and to dismiss so much of the proceeding as seeks to adjudicate the claim against the insurer, on the ground already given.

Order reversed.