ALLSTATE INSURANCE COMPANY, Respondent, *v.* GEORGE D. ABBOTT, an Infant by Harry Abbott His Guardian ad Litem, et al., Appellants.

Third Department, May 23, 1958.

*John Harbachuk* for George D. Abbott, appellant.

*Bellew & Conte* for Elmer N. Bryden, appellant.

*Chandler Y. Keller* for respondent.

REYNOLDS, J. This is an appeal from an order and judgment of the Broome County Supreme Court granting a motion for summary judgment in an action for a declaratory judgment. The action for declaratory judgment sought the determination that the conduct of one Elmer Bryden, insured, was such as to amount to a failure of co-operation with the Allstate Insurance Company, in the investigation and defense of an action brought by Abbott, defendant-appellant, against Bryden; and because of this failure to co-operate, the Allstate Insurance Co. had no further duty to defend or pay any claim under its policy of liability insurance.

Allstate's insurance contract with Bryden contained the standard contract clause requiring the insured to co-operate with his insurer, viz.: " The insured shall cooperate with Allstate, disclosing all pertinent facts known or available to him, and upon Allstate's request shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits."

Co-operation with the insurer is one of the conditions of the policy. Upon a breach of this condition the insurer can elect to terminate the contract. (*Coleman* v. *New Amsterdam Cas. Co.,* 247 N. Y. 271.) It is necessary to have this co-operation clause in clear focus when considering the facts of this case.

On September 2, 1954, about noon, the insured was traversing a highway known as Ackley Road, East Maine, New York, when one of his tires went down. He experienced difficulty in his attempt to change or repair the tire and called defendant-appellant Abbott, then 17 years old, who was standing across the road, to assist him. Abbott, on his way to give aid, while passing in front of insured's car, struck his left hand and wrist on a sharp visor over the headlight, and suffered a deep laceration and severed tendons. After the accident Bryden, the insured, removed the visors and threw them over a bank.

Bryden reported the accident the next day, September 3, 1954, to the Allstate Insurance Company at its Binghamton office. It is apparent from the record that no further investigation was undertaken by Allstate, but instead it attempted to settle the case with Abbott's parents. In November, 1954, after the Abbotts had obtained counsel, Bryden was taken to the office of Abbott's counsel, Sullivan & Armstrong, at which time and place he signed a statement of the facts of the accident, and shortly thereafter retrieved the headlight visors, which were taken to the office of Sullivan & Armstrong. It is important at this point to observe, according to the record, that the insured Bryden had not received any request or communication whatever from Allstate. On December 24, 1954 Allstate sent a letter to the insured instructing him not to discuss the accident with anyone except the police or representatives of Allstate. There is no claim that following the receipt of this letter the insured had any meeting, communication, or discussion with anyone connected with Abbott or his counsel. It was not until August of 1955, according to the record, that Allstate took a signed statement of the facts from the insured. There is nothing to indicate that Allstate ever asked the insured for the visors, except the affidavit of Collins, an adjuster for Allstate, that he had tried to see and examine the visors but was unable to do so because Abbott and Bryden told him the visors had been taken to the law office of Sullivan & Armstrong. No date or approximate date appears in Collins' affidavit as to when he attempted to examine the visors. It may have been and probably was subsequent to August 8, 1955 when suit was started.

Plaintiff-respondent Allstate in its brief agrees that there was nothing improper in the insured giving a statement to the attorneys for the claimant.

Their second claim of lack of co-operation was in delivering the visors, the instrumentality which allegedly caused the injury, to claimant or his counsel.

As stated above there is no showing, except the inadequate and vague affidavit of the adjuster Collins, that any request was ever made by Allstate to the insured to produce the visors; or to tell where the visors were. There was no refusal by Bryden to otherwise assist Allstate when asked to do so. Collins' statement is silent on when he attempted to secure the visors. His statement is sworn to on February 10, 1956, a year and a half after the accident. The inference is strong that he had no interest in the visors until he realized that his settlement overtures were going to be refused and suit was commenced, in August of 1955.

We conclude therefore, that on the facts of this case the motion for summary judgment in this action for a declaratory judgment should have been denied.

The judgment should be reversed on the law and the facts and the motion denied, with costs to appellants.

FOSTER, P. J., BERGAN, COON and GIBSON, JJ., concur.

Judgment reversed, on the law and facts, and the motion denied, with costs to the appellants.