Allstate Insurance Company, Appellant, *v.* Robert C. Coe et al., Respondents.

Third Department, March 27, 1964.

*Night, Keller & Relihan (Walter J. Relihan, Jr.,* of counsel), for appellant.

*Latham & Mogavero (Livingston S. Latham* of counsel), for William J. Eckert and others, respondents.

TAYLOR, J. Appeal by plaintiff from a judgment of the Supreme Court entered after trial before the court without a jury in a declaratory judgment suit (Civ. Prac. Act, § 473; CPLR 3001).

Prior to the commencement of this action defendants Eckert recovered judgments in automobile negligence actions, the defense of which had been undertaken by a firm of attorneys retained by plaintiff. The injuries and damages found to have been sustained were occasioned by the negligence of defendant Coe to whom plaintiff had issued its policy of liability insurance. In the present case a declaration is sought that it is not required to pay the judgments for the reason that Coe had breached the condition of the policy requiring his co-opera-

tion in the preparation, settlement and defense of the personal injury actions.

The trial of the consolidated actions commenced on the morning of June 13, 1962. Coe appeared at the courtroom at 9:30 A.M., as instructed by the attorney who was to represent him, prepared himself to testify in defense of the actions and was present throughout that day, the time of which was devoted to the selection of the jury and the presentation of plaintiffs' proof. Upon adjournment in the late afternoon Coe again conferred with his attorney relative to the general aspects of his testimony and agreed to meet with counsel at 9:30 o'clock on the following morning in a motel where he was staying. Coe failed to keep the appointment and was not present when the court was reconvened at 10:00 A.M. Counsel apprised both the court and his adversary of the absence of the insured and it was agreed that the trial would continue until plaintiffs' case had been completed at which point a recess was taken during which the respective attorneys conferred with the Trial Judge in his chambers. In the meantime defense counsel had communicated by telephone with Coe's employer and was advised that his client was '' in court.'' During the recess plaintiffs' attorney requested the Sheriff of the county to inquire as to Coe's whereabouts and announced that he had been advised that Coe had left his home some 15 minutes earlier to go to the courthouse. Thereupon counsel for the insurance company stated that he was willing to proceed with the defense provided its rights were reserved under the policy. Plaintiffs' counsel refused to subscribe to this procedure but suggested such adjournment of the trial as might be necessary to produce Coe and agreed to co-operate in that endeavor. Defense counsel thereupon indicated a willingness to continue the trial until Coe's testimony was needed stating that if he had not then appeared, the insurer would stand on the position previously taken. He then read Coe's deposition before trial to the jury which closed the evidence in the case. At this point it was reported to the court that the Sheriff had been unable to locate the defendant. The court concluded its charge at about 12.30 P.M. and directed that the jury be provided with lunch before beginning its deliberations. While the jury was at lunch Coe reached the courthouse whereupon he was interrogated in the court's chambers by defense counsel in the presence of the attorney for plaintiffs concerning the reasons for his absence. His explanation was that he had had mechanical difficulty with his automobile when he was about to leave his home which necessitated a stop at a garage about eight miles

distant therefrom. The necessary adjustment, he stated, was completed at about 10:30 A.M. Since he had been unable to reach the courthouse at the time appointed, he felt that it was needless to go at all. Accordingly, he returned to his home and only after notification by a Deputy Sheriff that he was "wanted in Cooperstown" did he repair to the courthouse. A transcript of the minutes of this hearing was received in evidence at the trial of the instant suit.

The identified garage owner testifying in plaintiff's behalf, stated that his records failed to disclose the performance of any work on Coe's car on the date of his absence from the court and that the addition of hydraulic fluid to the transmission which the insured claimed was the service performed would take little time and would not be regarded as a repair requiring the recordation of its performance. There was testimony by a coemployee in the county highway department, also sworn as a witness by plaintiff, that he had seen the insured driving his automobile up and down the road leading to his home on five occasions during the morning of the same day, on the first of which trips and about 90 minutes before the time appointed for the reconvention of the trial he stopped at the place where the witness was working and said: "I am going back—going back to court; they didn't finish the trial yesterday" and a little later paused again to state that the trial had not been completed and that he was on his way to procure an old insurance policy and then was going "back to Cooperstown." Counsel for the carrier at the trial of the negligence actions basing his opinion on observations made of Coe at the hearing expressed the opinion that the insured was then "under the influence of alcohol".

The insured's prior co-operative endeavors in the preparation of the defense of the negligence actions were conceded. The sole effort made by the insurer to locate its insured was a single telephone call to his employer. Moreover, it rejected plaintiffs' offer to consent to an adjournment of the trial for the purposes of exploring the reason for the insured's default in appearing and of ascertaining his whereabouts. To amount to a breach of the contract provision "the attitude of the assured must be one 'of willful and avowed obstruction'" (*American Sur. Co. of N. Y.* v. *Diamond,* 1 N Y 2d 594, 599; see *Coleman* v. *New Amsterdam Cas. Co.,* 247 N. Y. 271, 276). In the circumstances of this case the issue of co-operation by the insured was factual and one upon which plaintiff had the burden of proof. (*American Sur. Co. of N. Y.* v. *Diamond, supra.*)

On this record we perceive no basis to disturb the trial court's findings that plaintiff had not shown appropriate efforts to locate its insured in compliance with the reciprocal obligation imposed by the co-operative clause of the policy and that a breach of its terms by the insured also had not been proved. (*Wallace* v. *Universal Ins. Co.*, 18 A D 2d 121, affd. 13 N Y 2d 978; *Kehoe* v. *Motorists Mut. Ins. Co.*, 20 A D 2d 308.)

The judgment should be affirmed.

GIBSON, P. J., HERLIHY, REYNOLDS and AULISI, JJ., concur.

Judgment affirmed, with costs to respondents filing briefs.