Leonard H. Sandler, J.
Plaintiff seeks to recover the value of property damage sustained by his car in an automobile accident under the collision insurance provisions of an assigned risk “ Family Combination Automobile Policy
The fact that the car was damaged under circumstances covered by the policy is not disputed, and the evidence satisfies me that the amount sued for was the fair and reasonable value of the damage sustained.
The defendant resists the claim on the single ground that the insured breached his obligations under the policy — most pointedly his duty of co-operation — by falsely informing the defendant that the car was driven by a person other than himself (accompanied by related misstatements), and by failing to correct these statements for nearly six months.
The facts concerning the deliberately false statements by the insured were in all material respects conceded on the trial.
The insured, whose true name appears to be James Sweet, undertook as a result of business reverses sustained under that name, to create a second identity for himself, to which he affixed the name Charles Sweet. Under that name he acquired the car involved in the accident and took out the policy in issue, although his driver’s license continued to reflect his original name.
When the accident occurred on September 10, 1970, plaintiff apparently feared that complications might result from exposure of his dual identity. Accordingly, in the several official reports-prepared by him, he listed the driver as James Sweet and the owner as Charles Sweet with no intimation that the two were one and the same person. And in the two signed statements to the defendant executed on October 1,1970, the plaintiff told an elaborate tale that at the time of the accident the car was driven by his brother James, whom he had not seen since that date and had no way of contacting, but of whose whereabouts he promised to inform the defendant as soon as he had any information.
Payment having been withheld by a justifiably skeptical defendant, plaintiff finally gave -a reasonably accurate account of the matter on March 16,1971.
All this, asserts the defendant, amounts to a gross violation of the insured’s duty to co-operate, and upon consideration, I agree.
The meaning of the co-operation clause in insurance policies has been explored by the courts primarily in connection with third-party liability insurance cases.
*1024 The basic rule, long ago enunciated by Chief Judge Cakdozo, is that “ Co-operation with the insurer is one of the conditions of the policy ”, a breach of which terminates the policy, at the election of the insurer. (Coleman v. New Amsterdam Cas. Co., 247 N. Y. 271 [1928].)
• The nature of the obligation imposed on the insured has been phrased differently. One familiar definition is that co-operation requires of the insured “ a fair, frank, and truthful disclosure ”. (31 N. Y. Jur., Insurance, § 1336.) Another formulation, suggesting a more sensitive concern that protection earned by faithful payment of premiums, not to be lightly forfeited, construes the duty of co-operation primarily as a prohibition against ‘ willful and avowed obstruction ’ ”. (National Grange Mut. Ins. Co. v. Lococo, 20 A D 2d 785, 786 [1st Dept., 1964], affd. 16 N Y 2d 585 [1965].)
Whichever definition is applied, it is abundantly clear that willful misstatements by an insured of material facts, not corrected with reasonable promptness, constitute a violation of the duty to co-operate.
In at least two authoritative cases presenting facts quite similar to those before this court, the insurer was deemed to have been excused from responsibility where the insured intentionally misstated the identity of the driver of the car and failed to correct that misinformation for some time. (Peerless Ins. Co. v. Sears, 34 A D 2d 725 [4th Dept., 1970], affd. 29 N Y 2d 717 , [1971]; State Farm Mut. Auto. Ins. Co. v. Brown, 21 A D 2d 742 [4th Dept., 1964].)
I am inclined to accept the argument that there are circumstances under which a more favorable result to the insured may be reached where the action involves collision rather than third-party liability insurance. For in collision cases the obligation of the insurer to pay is invoked by the very fact of the accident, irrespective of the surrounding circumstances.
This case does not seem to me an appropriate one for the application of such a distinction. It would divest of all realistic content the plain meaning and obvious purpose of the co-operation clause to permit recovery by an insured who willfully falsifies the identity of the driver, adorns the central falsehood with an elaborate network of fiction, withholds the truth for almost six months, and then reveals it only under the pressure of the insurer’s refusal to pay.
Accordingly, judgment may be entered for the defendant.