## (April 22, 1974)

DIANE P. ANDRE, Appellant, v. JEAN S. POMEROY, Respondent, et al., Defendants.— In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Westchester County, dated January 26, 1973, which denied her motion for summary judgment against defendant Jean S. Pomeroy. Order affirmed, without costs. No opinion. Martuscello, Acting P. J., Latham, Benjamin and Munder, JJ., concur; Shapiro, J., dissents and votes to reverse and to grant the motion, with the following memorandum: I recognize that appellate courts are reluctant to grant summary judgment in automobile negligence cases (*McLaughlin* v. *Martin*, 12 A D 2d 789; *Serra* v. *Sosa*, 35 A D 2d 663; *Feldman* v. *Lashine*, 13 A D 2d 646, revd. 10 N Y 2d 964), but where there are truly no issues of fact to be tried summary judgment should not be denied even in such cases (*Slavinskas* v. *Clinton Warehouse*, 40 A D 2d 840; *Whitely* v. *Lobue*, 59 Misc 2d 755, revd. 30 A D 2d 552, revd. 24 N Y 2d 896; *Gerard* v. *Inglese*, 11 A D 2d 381). Since I can discern not even the semblance of a triable issue, I vote to reverse the order appealed from, which denied plaintiff's motion for summary judgment, and to remand the case to the trial court for an assessment of damages, despite the fact that plaintiff is the daughter of respondent. The only facts in this record are supplied by plaintiff's affidavit and the exhibits thereto annexed, since the affirmations of the attorneys in opposition should be disregarded as utterly without probative force, except to be treated as memoranda of law (*V. A. W. of Amer.* v. *General Elec. Co.*, 38 A D 2d 989; *D'Aquila Bros. Contr. Co.* v. *H. R. H. Constr. Corp.*, 35 A D 2d 815). The following facts are undisputed: (1) Respondent is the owner of the automobile in which plaintiff was a passenger at the time of the accident. Plaintiff was seated in the

rear seat of the automobile studying her music. (2) Respondent's car ran squarely into the car in front of her. (3) The police aided card shows that *at the scene* of the accident respondent told the police officer that "she was proceeding south on North Broadway & momentarily took her eyes off the road to reach for an object & collided with vehicle #2 who was also proceeding south on North Broadway at a slow rate of speed in heavy traffic." (4) At her examination before trial respondent testified that the accident happened as follows: "Then I looked down for a second to get a compact out of my purse, and when I looked up again this car was closer to me than I thought, and I jumped on the brake." She also testified that when she jammed on her brakes she did not turn in either direction but hit the other car "not right or left but completely straight on", with a "heavy bang", and that as a result of the accident her "car was declared a total loss." At another point in the same examination she described the accident as follows: "I looked down like this (indicating) to get the compact, then I looked up and saw I was right on this car, and I jumped on the brake" and that the crash took place after she had traveled "about a car length." (5) The day after the accident, plaintiff was seen by her doctor and he found her to be suffering from the following injuries: (a) contusion of the left side of the face; (b) contusion of the knees, areas below knees bilaterally; (c) myalgia of the upper extremities with bilateral cervical muscle strain; and (d) lumbo-sacral ligamentous strain. The doctor further certified that when he examined her on May 18, 1970 "she was still complaining of pain and limited motion in her low neck and midlumbar area" and that "flexion and extension in both these areas was limited at the extremes of such motion." His diagnosis was that "she suffered ligamentous strain of the neck and lumbar area with a remaining chronic strain in both areas." It is clear to me that upon this record plaintiff has made out a conclusive case of negligence and of her own freedom from contributory negligence and neither Special Term nor this court seems to contend otherwise. Special Term denied plaintiff's motion because in its opinion "the relationship between the plaintiff and the above named defendant, to wit, mother and daughter, create issues which, despite the examination before trial, must await a plenary hearing." I consider that kind of reasoning entirely specious. CPLR 3212 (subd. [b]) provides in pertinent part that the "motion [for summary judgment] shall be granted if, upon all the papers and proof submitted, the cause of action * * * shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." That is precisely the situation here. If the proof in this record were submitted at a trial, there would be no factual issue of negligence or contributory negligence to be submitted to a jury. Hence, plaintiff's motion should have been granted. In denying plaintiff's motion for summary judgment, Special Term and this court, in effect, are saying that the attorneys for respondent's insurance company — allegedly representing respondent — may seek to build a case against plaintiff predicated upon the disbelief of their own client's story. I do not believe that such a tactic is ethically proper. If the insurance carrier believes that its insured is lying or is not co-operating in the defense of the action, it should withdraw from the case and refuse coverage (*United States Fid. & Guar. Co.* v. *von Bargen*, 7 A D 2d 872, affd. 7 N Y 2d 932; *Coleman* v. *New Amsterdam Cas. Co.*, 247 N. Y. 271; *National Grange Mut. Ins. Co.* v. *Austin*, 23 A D 2d 776), but it cannot stay in the case and represent the insured by misrepresenting her position. If there were even a hint of a basis for disbelieving plaintiff's case, that fact might warrant a denial of her motion for summary judgment (*Terranova* v. *Emil*, 20

N Y 2d 493; *Falk* v. *Goodman,* 7 N Y 2d 87, 91), but there is no such circumstance in this case, for it should be remembered that at the scene of the accident respondent spontaneously told the police officer that the accident was occasioned through her own fault when she " took her eyes off the road to reach for an object." She has *never retracted* that admission. In fact she reiterated and amplified it upon her examination before trial. A " shadowy semblance " of an issue is not enough to defeat a motion for summary judgment (*De Groes* v. *De Groes,* 17 A D 2d 930) and here we do not even have such a " shadowy semblance ". The denial of plaintiff's motion for summary judgment here is tantamount to saying that if plaintiff were a stranger she would be entitled to an assessment of damages, but because she is respondent's daughter she is not. When respondent obtained insurance coverage it was to protect her and to benefit all who were injured through her negligence — not all minus her daughter.