■ In the Matter of METLIFE AUTO & HOME, Appellant, v JOE BURGOS et al., Respondents. ALLSTATE INS. CO. et al., Proposed Additional Respondents. [772 NYS2d 357]—

In a proceeding pursuant to CPLR article 75 to stay an uninsured motorist arbitration, the petitioner appeals from an order of the Supreme Court, Kings County (Silverman, J.H.O.), entered December 18, 2002, which, in effect, denied the petition and determined, inter alia, that it was obligated to provide coverage under the uninsured motorist provision of its insurance policy.

Ordered that the order is reversed, on the law, with costs, the petition is granted, and the arbitration is stayed.

The petitioner, Metlife Auto & Home (hereinafter the appellant) provided an automobile insurance policy to the respondent Joe Burgos, who was involved in a motor vehicle accident with an automobile owned by the proposed additional respondent Harnold Chong-Qui and operated by the proposed additional respondent Jennifer Abdo. The proposed additional respondent Allstate Ins. Co. (hereinafter Allstate) issued an automobile insurance policy to Chong-Qui and a separate automobile policy to Abdo, which were in effect on the date of the accident. However, Allstate disclaimed coverage to both Chong-Qui and Abdo for their alleged failure to cooperate in accordance with the terms of their respective policies. The Supreme Court determined that Allstate properly disclaimed coverage to both Abdo and Chong-Qui for their failure to cooperate, and that the appellant was obligated to cover the subject loss under the uninsured motorist provision of its policy.

An insurer who seeks to disclaim coverage on the ground of noncooperation "must demonstrate that it acted diligently in seeking to bring about the insured's co-operation . . . ; that the efforts employed by the insurer were reasonably calculated to obtain the insured's co-operation . . . ; and that the attitude of the insured, after his co-operation was sought, was one of 'willful and avowed obstruction' " (*Thrasher v United States Liab.*

*Ins. Co.*, 19 NY2d 159, 168-169 [1967], quoting *Coleman v New Amsterdam Cas. Co.*, 247 NY 271, 276 [1928]; *see also State Farm Fire & Cas. Co. v Imeri*, 182 AD2d 683 [1992]).

Here, Allstate failed to demonstrate that it met the requirements set forth in *Thrasher* to disclaim coverage on the ground of lack of cooperation. As such, the Supreme Court erred in denying the petition to stay the uninsured motorist arbitration claim of the appellant's insured. Accordingly, the appellant is not obligated to cover the subject loss under the uninsured motorist provision of its policy.

In light of our determination, the appellant's remaining contentions have been rendered academic. Prudenti, P.J., Goldstein, Luciano and Cozier, JJ., concur.