In the Matter of EAGLE INSURANCE COMPANY, Respondent, v OSVALDO SANCHEZ, Respondent. ANTHONY SCARITO, Proposed Additional Respondent; ALLSTATE INSURANCE COMPANY, Proposed Additional Appellant. [805 NYS2d 103]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, Allstate Insurance Company appeals from an order of the Supreme

Court, Kings County (Bernstein, J.H.O.), dated August 11, 2004, which determined that its disclaimer of coverage as to its insured, Anthony J. Scarito, was invalid and, in effect, granted the petition and permanently stayed the arbitration.

Ordered that the order is affirmed, with costs.

For an insurer to disclaim its liability to its insured on the ground of lack of cooperation, the insurer must demonstrate (1) that it acted diligently in seeking to bring about the insured's cooperation, (2) that the efforts employed by the insurer were reasonably calculated to obtain the insured's cooperation, and (3) that the attitude of the insured, after his or her cooperation was sought, was one of willful and avowed obstruction (see *Thrasher v United States Liab. Ins. Co.,* 19 NY2d 159, 168-169 [1967]). Even assuming that hearsay testimony of the appellant's witnesses adduced at the hearing was admissible to demonstrate diligence, the appellant failed to establish a right to disclaim.

The record reveals that there was insufficient proof of the three-prong test set forth in *Thrasher v United States Liab. Ins. Co. (id.).* Allstate failed to establish that it was sufficiently diligent in seeking to bring about its insured's cooperation (see *Alexander v Stone,* 45 AD2d 216, 220 [1974]; *Wallace v Universal Ins. Co.,* 18 AD2d 121, 125 [1963], *affd on opn below* 13 NY2d 978 [1963]), or that its efforts were reasonably calculated to obtain its insured's cooperation (see *Coleman v National Grange Mut. Ins. Co.,* 28 AD2d 1073, 1074 [1967], *affd* 23 NY2d 836 [1969]; *National Grange Mut. Ins. Co. v Lococo,* 20 AD2d 785, 786 [1964], *affd* 16 NY2d 585 [1965]). Further, the nonaction of the insured did not, in this case, constitute "willful and avowed obstruction" (*Coleman v New Amsterdam Cas. Co.,* 247 NY 271, 276 [1928]; *see Matter of Empire Mut. Ins. Co. [Stroud—Boston Old Colony Ins. Co.],* 36 NY2d 719, 721-722 [1975]; *Thrasher v United States Liab. Ins. Co., supra* at 168; *Matter of New York Cent. Mut. Fire Ins. Co. v Bresil,* 7 AD3d 716, 717 [2004]; *Matter of Metlife Auto & Home v Burgos,* 4 AD3d 477 [2004]; *Matter of Statewide Ins. Co. v Ray,* 125 AD2d 573, 574 [1986]).

The appellant's remaining contentions are without merit. Crane, J.P., Ritter, Goldstein and Lifson, JJ., concur.