In the Matter of CONTINENTAL INSURANCE COMPANY et al., Appellants-Respondents, v ROBERT BAUTZ et al., Respondents, and STATE FARM INSURANCE COMPANY, Respondent-Appellant. [815 NYS2d 718]—

In a proceeding to permanently stay arbitration of an uninsured motorist claim, the petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated June 20, 2005, as, upon, in effect, reargument, adhered to so much of its original determination in an order dated January 25, 2005, as denied the petition, and the additional respondent State Farm Insurance Company cross-appeals, as limited by its brief, from so much of the same order as adhered to so much of the original determination in the order dated January 25, 2005, as directed the defendant State Farm Insurance Company to defend its insured in an underlying personal injury action.

Ordered that the order dated June 20, 2005 is reversed insofar as appealed from, on the law, the petition is granted, and upon reargument, the arbitration is permanently stayed, and so much of the order dated January 25, 2005, as denied the petition is vacated; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the petitioners payable by State Farm Insurance Company and one bill of costs is awarded to Robert Bautz payable by State Farm Insurance Company.

The petitioners, Continental Insurance Company and Encompass Insurance Company (hereinafter collectively Continental), issued an automobile insurance policy to the respondent Robert

Bautz, who was struck by a motor vehicle owned by the additional respondent Norma Ferrufino, which was insured by the additional respondent State Farm Insurance Company (hereinafter State Farm). However, State Farm disclaimed coverage to Ferrufino for her alleged failure to cooperate in accordance with the terms of the policy. Bautz filed a demand for uninsured motorist arbitration against Continental, which commenced the instant proceeding to stay the arbitration. The Supreme Court denied the petition, finding that State Farm met its burden of proving a lack of cooperation yet directed State Farm to defend Ferrufino as a defendant in an action commenced by Bautz and his wife (hereinafter the underlying lawsuit).

An insurance carrier that seeks to disclaim coverage on the ground of lack of cooperation "must demonstrate that it acted diligently in seeking to bring about the insured's co-operation; that the efforts employed by the insurer were reasonably calculated to obtain the insurer's co-operation; and that the attitude of the insured, after his [or her] co-operation was sought, was one of 'willful and avowed obstruction' " (*Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 168-169 [1967] [citations omitted], quoting *Coleman v New Amsterdam Cas. Co.*, 247 NY 271, 276 [1928]; *see New York State Ins. Fund v Merchants Ins. Co. of N.H.*, 5 AD3d 449, 450 [2004]; *Matter of Metlife Auto & Home v Burgos*, 4 AD3d 477 [2004]).

State Farm failed to demonstrate that it met the requirements set forth in *Thrasher* to disclaim coverage on the ground of lack of cooperation. Thus, the Supreme Court erred in denying the petition to stay the uninsured motorist arbitration but correctly directed State Farm to defend Ferrufino in the underlying lawsuit.

In light of our determination, the parties' remaining contentions have been rendered academic. Schmidt, J.P., Crane, Rivera and Spolzino, JJ., concur.