■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v GWENDOLYN CAMPBELL, Respondent. ALEXANDRE MOMPREMIER et al., Proposed Additional Respondents; ACCEPTANCE INDEMNITY INSURANCE COMPANY, Proposed Additional Appellant. [845 NYS2d 88]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the nonparty Acceptance Indemnity Insurance Company appeals from a judgment of the Supreme Court, Queens County (Rios, J.), entered October 12, 2006, which, upon a decision of the same court dated July 17, 2006, made after a hearing, inter alia, granted the petition and permanently stayed the arbitration. The notice of appeal from the decision is deemed to be a premature notice of appeal from the judgment (see CPLR 5512 [a]).

Ordered that the judgment is affirmed, with costs.

An insurer who seeks to disclaim coverage on the ground of noncooperation "must demonstrate that it acted diligently in seeking to bring about the insured's co-operation . . . that the efforts employed by the insurer were reasonably calculated to obtain the insured's co-operation . . . and that the attitude of the insured, after his co-operation was sought, was one of 'willful and avowed obstruction' " (Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 168-169 [1967], quoting Coleman v New Amsterdam Cas. Co., 247 NY 271, 276 [1928]; see Matter of Eagle Ins. Co. v Sanchez, 23 AD3d 655 [2005]; Matter of Continental Ins. Co. v Bautz, 29 AD3d 989, 990 [2006]; City of New York v Continental Cas. Co., 27 AD3d 28 [2005]; State Farm Fire & Cas. Co. v Imeri, 182 AD2d 683 [1992]).

Here, the appellant insurer failed to establish that it was sufficiently diligent or that its efforts were reasonably calculated to bring about its insured's cooperation (see Rucaj v Progressive Ins. Co., 19 AD3d 270 [2005]). In addition, the nonaction of its insured did not, in this case, constitute "willful and avowed obstruction" (Coleman v New Amsterdam Cas. Co., 247 NY 271 [1928]; see Matter of Empire Mut. Ins. Co. [Stroud—Boston Old

*Colony Ins. Co.],* 36 NY2d 719, 721-722 [1975]; *Thrasher v United States Liab. Ins. Co.,* 19 NY2d at 168; *Matter of Eagle Ins. Co. v Sanchez,* 23 AD3d at 656; *Matter of New York Cent. Mut. Fire Ins. Co. v Bresil,* 7 AD3d 716 [2004]; *Matter of Metlife Auto & Home v Burgos,* 4 AD3d 477 [2004]). Thus, the appellant failed to demonstrate that it met the requirements set forth in *Thrasher v United States Liab. Ins. Co.* (19 NY2d at 159) to disclaim coverage on the ground of lack of cooperation. As such, the Supreme Court properly granted the petition of State Farm Mutual Automobile Insurance Company to permanently stay the arbitration of the uninsured motorist claim of its insured.

The appellant's remaining contentions either are improperly raised for the first time on appeal, are without merit, or need not be reached in light of our determination. Miller, J.P., Goldstein, Skelos and Balkin, JJ., concur.