## BRUGGEMAN v. MARYLAND CASUALTY CO.

### No. 5426.

Circuit Court of Appeals, Third Circuit.
Oct. 3, 1934.

Charles G. Notari and Marshall, Braun & Notari, all of Pittsburgh, Pa., for appellant.

R. A. Applegate and Rose & Eichenauer, all of Pittsburgh, Pa., for appellee.

Before DAVIS, Circuit Judge, and CLARK and JOHNSON, District Judges.

DAVIS, Circuit Judge.

This is an appeal from a judgment of the District Court in an action of assumpsit on a policy of automobile liability insurance issued by the Maryland Casualty Company, the appellee, to the Pittsburgh City Garden Company.

Edward F. Bruggeman, the appellant, who was insured under the policy in suit, was injured in an accident while riding as a passenger in the automobile, which was owned by the Garden Company, and was driven by its manager and active head. The appellee was notified and began an investigation of the circumstances of the accident.

The appellee discovered that the appellant was an employee of the Garden Company and that at the time of the accident he was engaged in a business trip in the course of his employment and was subject to the workmen's compensation laws of Pennsylvania. Both the appellant and the manager of the Garden Company signed statements to that effect. The Garden Company did not have workmen's compensation insurance.

The policy of insurance provided: "This policy does not cover: (1) Any obligation assumed by or imposed upon the assured by any Workmen's Compensation law, agreement or plan, unless specifically endorsed hereon."

The Garden Company pressed the claim against the appellee and insisted that it pay the appellant the sum of $5,000, the face value of the policy.

The appellant brought a suit in trespass against the Garden Company to recover a judgment for his injuries. The Garden Company notified the appellee of this suit. The appellee offered to defend the suit under the terms of the policy. The Garden Company refused to swear to the averments of the affidavit of defense in which it was set out that the plaintiff herein, Bruggeman, was an employee injured in the course of his regular duties and within the Workmen's Compensation Act of the Commonwealth of Pennsylvania (77 PS § 1 et seq.) and refused in every way to co-operate with the appellee in the preparation of the defense.

The policy of insurance contained the following provision:

"Subject, Nevertheless, to the following conditions: * * *

"Whenever requested by the Company the assured shall aid in securing information, evidence and the attendance of witnesses; and shall at all times render to the Company all reasonable co-operation and assistance."

The suit of Bruggeman, the appellant here, against the Garden Company went undefended and resulted in a verdict and judgment of $4,000 for Bruggeman on the ground that he was injured as the result of the negli-gence of the Garden Company when riding as a passenger in its automobile.

The appellant brought this action against the appellee, the insurer of the automobile, to recover the amount of the judgment. The appellee based its defense on the failure of the Garden Company to co-operate with it in the case of Bruggeman v. Pittsburgh City Garden Company and contended that its action constituted a breach of the contract of insurance. At the trial, the appellee offered evidence of nonco-operation and the learned trial judge admitted it, over the objection of the appellant, and, in particular, in reference to the affidavit of defense to which the Garden Company refused to swear and subscribe. The trial judge carefully pointed out to the jury the condition on which this evidence was admitted. The trial resulted in a verdict for the defendant-appellee on which judgment was entered.

The appellant insists that the appellee's defense at the trial of this case was a collateral attack on the judgment in Bruggeman v. Pittsburgh City Garden Company and that the trial court erred in permitting the jury to decide an issue which was properly a part of the former case. He also contends that the court erroneously admitted in evidence the affidavit of defense which the Garden Company rejected.

The appellant further insists that it was improper for the trial court to permit the appellee to introduce evidence at the trial of this case that the appellant was an employee of the Garden Company on a business trip when he was injured and not a guest. He believes that the question is res judicata and that the appellee, who had notice of the suit and an opportunity to defend, is estopped by its failure to appear and contest the issue at the former trial. In short, the appellant considers this an ordinary case of liability over.

But the very question here is whether or not the appellee, the insurer, was obliged to defend the insured, the Garden Company at the trial of the case. The appellant misunderstands the appellee's defense. The appellee tried its case on the theory that it was justified in refusing to defend the Garden Company against Bruggeman because the Garden Company broke the condition of co-operation in the policy of insurance and, therefore, discharged the obligation of the appellee to defend on the policy. "Co-operation with the insurer is one of the conditions of the policy. When the condition was broken, the policy was at an end, if the in-

surer so elected." Coleman v. New Amsterdam Casualty Company, 247 N. Y. 271, 160 N. E. 367, 369, 72 A. L. R. 1443; Rosenthal v. Radetsky and American Casualty Co., 314 Pa. 255, 171 A. 567.

It is obvious that it was proper to admit the affidavit of defense which the appellee prepared and the Garden Company refused to sign in Bruggeman v. Pittsburgh City Garden Company. Its materiality on the question of co-operation is clear in view of the other facts in evidence and the trial court carefully explained to the jury for what purpose they might consider it. Conroy v. Commercial Casualty Company, 292 Pa. 219, 140 A. 905, 908, in no way conflicts with the admissibility of the affidavit of defense in evidence and, moreover, the court said in that case: "If it appeared that the execution of a pleading such as requested was legally required, so that an available defense could be asserted on trial, then it became the duty of the insured to comply with the demand, if the facts set forth were true."

The judgment is affirmed.