## AMERICAN AUTOMOBILE INS. CO. v. MACK et al.

### No. 12.

District Court, E. D. Kentucky, Covington.

July 18, 1940.

Odis Bertelsman, of Newport, Ky., for plaintiff.

L. J. Crawford of Newport, Ky., pro se., and for Mercurio and King.

Robert C. Simmons, of Covington, Ky., for defendant Harry Mack.

SWINFORD, District Judge.

The plaintiff filed its bill for a declaratory judgment under 28 U.S.C.A. § 400.

The defendants Harry Mack, C. J. Crawford and A. M. Caldwell have filed their motions to dismiss.

The facts briefly are these: The defendant Harry Mack holds a policy of insurance with the plaintiff. The policy provides among other things that the insurance company will hold Harry Mack harmless up to an amount of $5,000, should he be obligated by reason of the liability imposed for damages for bodily injury caused by accident and arising out of the ownership, maintenance or use of his automobile. There is a similar provision in the policy for injury to or destruction of property. The policy also provides that the insurer will defend any court action against the insured.

By the terms of the policy Mack agreed to cooperate with the insurance company in defense of any legal action against him growing out of the use of his automobile and while the policy was in force. That he would not assume, voluntarily, any obligation in the event of an accident. That should the company be required to pay out any sum it would be subrogated to the rights of the insured.

In short, the contract was the usual contract policy of automobile liability and property damage insurance.

While the policy was in force Mack had a collision with James Wilmott. At the time of the accident Mercurio and King were riding in the automobile with Mack as his guests.

Mack sued Wilmott in the State court. A judgment by agreement of parties was entered in favor of Mack for $3,000. Mack paid Mercurio and King $50 each to execute a written release to Wilmott from any liability to either of them. Mercurio and King each then brought an action in the State court against Mack for

226

damages to them and Mack calls upon the insurance company to defend this action in accordance with the terms of the policy.

■ The plaintiff is clearly within its rights in asking the jurisdiction of this court under the declaratory judgment act.

This court is not asked to determine the liability of Mack to Mercurio and King, but to determine whether under the terms of the policy there has been a cancellation of the policy. The proceeding here is not premature. There is an actual present controversy, within the meaning of the act, between the parties to this proceeding. If the policy is cancelled the plaintiff here does not have to defend the actions brought in the State court by Mercurio and King. If it is not cancelled it does have to defend them. The controversy is definite and concrete and touches the legal relations of the parties who have adverse interests. Aetna Life Insurance Company v. Haworth et al., 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Associated Indemnity Corporation v. Manning et al., 9 Cir., 92 F.2d 168.

■ I am also of the opinion that the bill states a good cause of action. It was a part consideration for the execution of the contract that the insured would cooperate with the insurer. Further, by agreement and by operation of law the insurer should be subrogated to the rights of the insured against Wilmott. From the allegations of the bill the insured colluded with Mercurio and King and in order to effect his own settlement with Wilmott paid them to sign a release to Wilmott. Harter v. American Eagle Fire Insurance Co., 6 Cir., 60 F.2d 245.

Mercurio and King allege in their petitions against Mack that they were injured through his negligence, growing out of a collision with Wilmott. They also knew that Mack had recovered of Wilmott on the ground that it was Wilmott's sole negligence that caused the accident. They had also accepted money from Wilmott in settlement of their injuries. The plaintiff here, insofar as this record at present discloses, had no part whatsoever in these settlements and was not advised by Mack.

■ Under the law of Kentucky there is contribution between joint tort feasors where the wrong is a mere act of negligence and involves no moral turpitude. Section 484a, Carroll's Kentucky Statutes,

1936 Revision; Louisville Railway Company v. Louisville Taxicab & Transfer Company, 256 Ky. 827, 77 S.W.2d 36.

■ By securing the release from Mercurio and King to Wilmott the insured here has denied the insurer the right to seek contribution from Wilmott should Mercurio and King succeed in getting a judgment against Mack. Through his efforts Wilmott is released from all liability to Mercurio and King. Such action on the part of the insured may result in a cancellation of the policy. Aetna Casualty & Surety Company v. Phoenix National Bank & Trust Company, 285 U.S. 209, 52 S.Ct. 329, 76 L.Ed. 709.

■ Courts should require of the insured the highest faith in preserving the integrity of the contract. The insured is honor bound to cooperate to the fullest with the insurer and to abide by the terms of the contract both in its letter and spirit.

■ A failure to cooperate permits the insurer to cancel the policy. Storer v. Ocean Accident & Guarantee Corporation, Limited, et al., 6 Cir., 80 F.2d 470; Bruggeman v. Maryland Casualty Company, 3 Cir., 73 F.2d 587; Edward Coleman v. New Amsterdam Casualty Company, 247 N.Y. 271, 160 N.E. 367, 72 A.L.R. 1443.

The defendants in this proceeding are Harry Mack, Vincent Mercurio, Elizabeth King, L. J. Crawford and A. M. Caldwell, who at the time of the filing of the bill was the presiding judge of the Campbell Circuit Court. The plaintiff seeks an injunction against each of the defendants to prevent further proceedings in the Campbell Circuit Court.

The plaintiff abandons his contentions against Judge Caldwell and the complaint in so far as it affects this defendant is dismissed.

L. J. Crawford is the attorney for the defendants Mercurio and King in their actions in the Campbell Circuit Court.

By an amended complaint the plaintiff alleges that Crawford has a pecuniary interest in the securing of a judgment against Mack in favor of Mercurio and King by reason of a contract which he has with Mercurio and King whereby he is to receive for his services as their attorney an amount of money equal to a certain percentage of the amount recovered and will receive no fee in the event there is no recovery. The motion to dismiss in-

sofar as it affects the defendant L. J. Crawford should be overruled.

The motion insofar as it affects the defendant Harry Mack should be overruled.

Mercurio and King have not been served with process. Since it is determined that this court has jurisdiction of the case as it affects the contract of insurance between the plaintiff and Harry Mack it is not necessary to pass upon the further questions presented.

Proper orders should be drawn overruling the motions to dismiss filed by Harry Mack and L. J. Crawford and sustaining the motion to dismiss filed on behalf of Judge A. M. Caldwell.