Ida Mae BEAM, Pearl Cabble, William Thompson, Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.

No. 13696.

United States Court of Appeals Sixth Circuit.

Aug. 13, 1959.

Julius Leibson, Louisville, Ky., Wilton R. Long, Jr., Louisville, Ky., on brief, for appellants.

John L. Bennett, Louisville, Ky., Edward J. Hogan, Louisville, Ky., on brief, for appellee.

Before ALLEN, MARIS and MILLER, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

On June 2, 1956, the appellants were injured in an automobile accident involving an automobile driven by the appellant Ida Mae Beam and one being operated by William Carrier. Carrier was protected against liability at the time under a casualty insurance policy issued by the appellee State Farm Mutual Automobile Insurance Company.

In state court actions filed by the appellants in the Jefferson Circuit Court in Louisville, Kentucky, they recovered judgments against Carrier for damages arising out of the accident in the amounts of $3,075, $2,050, and $535, re-spectively. No appeal was prosecuted by the defendant Carrier from any of these judgments, which thereafter became final. No portion of the judgments was paid. Executions issued under the judgments against Carrier were returned "no property found." Demand for payment to the extent of the limit of liability coverage afforded by appellee's insurance policy was made upon the appellee insurer and rejected by it. This action was thereupon filed in the Jefferson Circuit Court of Kentucky against the appellee insurer to compel it to pay these judgments in accordance with its policy provisions. The action was removed by the appellee to the United States District Court where it was heard by the District Judge without a jury. Since the Court did not have jurisdiction over the claims of the appellants Pearl Cabble and William Thompson because of the insufficiency of the amounts involved, it was stipulated that the judgment in the action of the appellant Ida Mae Beam would be applied to and adjudicate the claims of the other two appellants.

Appellee pleaded as a defense to the action that at the time of trial, as well as at the time of the entry of the judgments, the policy of insurance issued by it to Carrier was invalid and not in force or effect by reason of the wilful violation on the part of Carrier, the insured, of the terms and covenants of the policy which required the insured to cooperate with the insurer in the defense of any action filed against the insured. The District Judge sustained this defense of the appellee and dismissed the action, from which judgment this appeal was taken.

The following facts are to be considered in determining the validity of this defense. Carrier promptly reported the accident to the appellee and took a copy of the police report of the accident to appellee's local office. Appellee investigated the accident and obtained from Carrier a longhand statement about it. Carrier told appellee's representative that he could not afford to miss work, but that he would go to court if the appellee would pay his expenses and lost

wages. However, the appellee never offered to do so.

By letter of July 31, 1956, addressed to Carrier at his Louisville address, the appellee advised Carrier of the name and location of his Louisville office of its attorney, who would defend the tort actions filed in the state court against him, and requested him to comply with any requests made by said attorney and to keep appellee advised of any change of address.

On September 5, 1956, the attorney wrote Carrier requesting him to be in his office on September 11 in compliance with a request by the appellants' counsel to take Carrier's pretrial deposition. Carrier did not appear. On September 13, 1956, the attorney again wrote Carrier stating that he had not heard from Carrier in response to the previous letter and requested Carrier to telephone him for the purpose of arranging a date for the taking of the deposition by counsel for the appellants. On September 24, 1956, Carrier's wife wrote the attorney that, although these letters had been received, Carrier was working in Campbellsville, Kentucky, and would not be home for two weeks, and that as soon as he returned she would have him call the attorney.

On November 19, 1956, the attorney wrote Carrier advising him that the cases had been set for trial on January 21, 1957, and that he would remind Carrier of that date again in the meantime. However, the evidence does not show that Carrier received this letter.

By letter of January 7, 1957, the attorney requested Carrier to appear on January 9, 1957, and to give his pretrial deposition, as requested by appellants' counsel. In this letter he also asked Carrier to come to his office a half hour before the time for giving his deposition so that the attorney could talk to him about the case. The letter also asked Carrier to call the attorney upon its receipt and confirm the arrangements. Carrier did not do so and did not appear for the deposition.

By letter of January 15, 1957, the attorney wrote Carrier that he had heard nothing from him, advised him that the cases were set for trial on January 21, 1957, asked him to be at the attorney's office prior to the start of the trial and to notify the attorney of the receipt of the letter. This letter closed with the following statement, "It has been difficult in staying in touch with you about this accident and I must remind you that your liability carrier is entitled to your co-operation under the provisions of your policy, and if you fail to do so, you may inadvertently prejudice your own protection."

On January 18, 1957, the attorney sent telegrams addressed to Carrier at his Louisville address and at Campbellsville, Kentucky, which stated that the tort actions in the Jefferson Circuit Court were set for trial on January 21, 1957, that Carrier had not answered the attorney's letters and that it was imperative that Carrier be present at the trial and at the attorney's office prior thereto in order to be able to properly defend these suits against him.

Carrier was working out of town in Campbellsville, Kentucky, starting some time in September, 1956. For a while he would come to Louisville on Friday night but return to Campbellsville about Saturday noon. Later on he lived in Louisville, but did not get home from Campbellsville until 6:30 or 7:00 P. M. and left Louisville to return to Campbellsville before daylight in the morning. Carrier admitted receiving the letters and telegram herein above referred to, except the letter of November 19, 1956. He testified that it was so late when he got in, the attorney's office was closed, which prevented him from contacting the attorney. He knew that the trial was set for January 21, 1957, but did not attend the trial because he had to work that day. No subpoena had been issued for him. Carrier stated that he would have attended the trial if he had received a subpoena, but that he was afraid he would get fired if he attended the trial without being subpoenaed.

154

When the cases were called for trial appellee's attorney moved for a continuance on the ground of Carrier's absence. The trial judge overruled the motion on the ground that it was not grounds for a continuance where the defendant had not been subpoenaed under the circumstances shown to exist in the case. Appellee's attorney then proceeded to try the case and defended the tort actions all the way to verdict and judgment. Thereafter, appellee's counsel filed and argued a motion for a new trial on behalf of Carrier.

On February 7, 1957, after the motion for a new trial had been taken under submission by the Court, appellee's counsel wrote Carrier by registered mail advising him of the result of the trial and also making the following statement, "As attorney for your insurance carrier, State Farm Mutual Automobile Insurance Company of Bloomington, Illinois, this is to advise you that due to your failure to cooperate with us in the defense of these suits and to appear at the trial of the cases, your insurance carrier is handling these cases now under a strict reservation of their rights and we have filed a motion and ground for new trial in each of the cases and the motion is now under submission before Judge L. Lyne Smith, Judge, Second Division, Jefferson Circuit Court, and if you so desire, you may employ your own counsel to assist us at this time or to take whatever action your personal counsel deems necessary and advisable to protect your rights."

■ There is no dispute between the parties about the well established rule in Kentucky, which is the applicable law in this case, that the breach by the insured of a condition subsequent in an insurance policy may be relied on as a defense to an action brought by the injured person against the insurer. Jefferson Realty Co. v. Employers' Liability Assurance Corp., 149 Ky. 741, 149 S.W. 1011; Kentucky Farm Bureau Mutual Insurance Co. v. Miles, Ky., 267 S.W.2d 928. Applying this rule of law to the facts in this case, the District Judge ruled that Carrier, by his failure to cooperate in the defense of the action by giving his deposition or by attending the trial and by his failure to respond to any of the letters or requests of the insurer's attorneys to appear for depositions and trial, breached the conditions subsequent of the cooperation clause of his policy and thereby absolved the State Farm Mutual Automobile Insurance Company from liability on the judgment of Ida Mae Beam. Beam v. State Farm Mutual Automobile Insurance Co., D.C. W.D.Ky., 163 F.Supp. 514.

Appellants contend that under the particular circumstances of this case, Carrier did not breach his duty of cooperation required by the policy. It is pointed out that no subpoena was ever issued directing Carrier to be present at the trial, that counsel for appellants offered to allow opposing counsel's affidavit to be received in evidence stating what Carrier would testify to if he had been present, that Carrier's pretrial statement about the accident showed that Carrier's testimony would have been more damaging to appellee than helpful, and that appellee was not prejudiced by Carrier's absence at the trial.

There is considerable authority to the effect that mere absence at the trial does not in itself constitute lack of cooperation, and that in order to have that result the insurer must show that the absence was not excusable or justifiable and was prejudicial to the insurer. State Farm Mutual Automobile Insurance Co. v. Palmer, 9 Cir., 237 F.2d 887; Annotation, 60 A.L.R.2d 1146. See Metropolitan Casualty Ins. Co. of New York v. Albritton, 214 Ky. 16, 19, 282 S.W. 187; Harris v. State Farm Mutual Automobile Insurance Co., 6 Cir., 232 F.2d 532, 539, certiorari denied 352 U.S. 827, 77 S.Ct. 40, 1 L.Ed.2d 49.

However, the loss of the insured's testimony as a witness in chief is not the only result of his failure to appear at the trial. His failure to be present in defense of the claim can have an intangible

effect upon the jury both as to the question of liability and the amount of the verdict, the net effect of which is difficult to measure. Unexpected developments in the plaintiff's evidence might be offset by an explanation on the part of the insured. Inaccurate or exaggerated testimony at the time of the trial may be prevented or held to a minimum by the mere presence of the insured. Bauman v. Western & Southern Indemnity Co., 230 Mo.App. 835, 77 S.W.2d 496.

■ Whether the absence of the insured under all the circumstances of the case constituted a breach of the insured's obligation to cooperate in defense of the claim is ultimately a question of fact for the District Judge. State Farm Mutual Automobile Insurance Co. v. Palmer, supra, 9 Cir., 237 F.2d 887, 893; Hartford Accident & Indemnity Co. v. Partridge, 183 Tenn. 310, 315, 192 S.W.2d 701. The finding of the District Judge on this issue is accepted. Rule 52(a), Rules of Civil Procedure, 28 U.S.C.A.

That leaves for consideration the additional contention of appellants that notwithstanding the refusal of Carrier to cooperate in the defense of the actions appellee is liable under the policy by having undertaken and conducted the defense of the actions without a reservation of rights.

■■ It is settled law in Kentucky that such a condition subsequent is for the benefit of the insurance company and may be waived by the party for whose benefit it is made; that the waiver of a forfeiture for breach of such a condition may result from any words or conduct of the insurer, with knowledge of the facts which furnish the grounds of forfeiture, that show a recognition of the continued existence of the insurance. Under this rule it has been held that the conduct of the insurance carrier in taking control of litigation, with knowledge of the existence of the very ground of forfeiture which it later attempts to assert, and without reservation, constitutes an irrevocable waiver of the right to forfeit the indemnity contract upon that ground; that the waiver of a ground of forfeiture by treating the contract thereafter as a continuing obligation partakes of the principle of election, and, like an election, cannot be retracted; and that it is not essential to its application that prejudice results to the party in whose favor the waiver operates. United States Fidelity & Guaranty Co. v. Miller, 237 Ky. 43, 34 S.W.2d 938, 76 A.L.R. 12; American Casualty Co. of Reading Pa. v. Shely, 314 Ky. 80, 234 S.W.2d 303; Annotation, 60 A.L.R.2d 1156. In order to prevent the waiver from taking effect, it is necessary that the insurer promptly give unequivocal notice that it is defending the action under a reservation of all defenses which it may have by reason of the policy provisions. Fidelity & Casualty Co. of New York v. Stewart Dry Goods Co., 208 Ky. 429, 271 S.W. 444, 43 A.L.R. 318; Fisher v. Firemen's Fund Indemnity Co., 10 Cir., 244 F.2d 194, 196. See also: National Union Indemnity Co. v. Miniard, Ky., 310 S.W.2d 793; Annotation, 60 A.L.R.2d 1157.

■ Appellee defended the actions in the state court with full knowledge of the lack of cooperation on the part of the insured and without a reservation of rights under the policy. The attempted reservation of rights on February 7, 1957, 17 days after the start of the trial and while the motion for new trial was pending, was too late and was ineffective. United States Fidelity & Guaranty Co. v. Miller, supra, 237 Ky. 43, 47–48, 34 S.W.2d 938, 76 A.L.R. 12; American Casualty Co. of Reading Pa. v. Shely, supra, 314 Ky. 80, 234 S.W.2d 303. Under the cases above referred to, the appellee by its conduct in defending the case without a reservation of rights waived the defense of its insured's lack of cooperation in the defense of the actions.

The District Judge did not follow the rulings of the Court of Appeals of Kentucky in the Miller and Shely cases because of the later ruling in Strode v. Commercial Casualty Insurance Co., D.C. W.D.Ky., 102 F.Supp. 240, 246, which likewise involved Kentucky law, and which was affirmed by this Court in 6

Cir., 202 F.2d 599. In that case the District Judge held that although the insured failed to appear when the case was called for trial, the evidence as a whole showed no sufficient lack of co-operation within the meaning of the policy to justify the insurance company in abandoning her case when it was called for trial and to permit it to proceed to judgment against her. The insurance carrier was held liable for the face amount of the policy. In so ruling, the District Judge said, "The insurance company should have under the circumstances of this case, even in the absence of Mrs. Campbell [the insured], made the best defense possible and in the event of a judgment against the policyholder let the court later determine whether or not there had been proper cooperation from the insured. It should not have left Mrs. Campbell without a voice being lifted in her behalf." This statement of the obligation of the insurance company was not based on any decision of the Kentucky Court of Appeals and, in view of the District Judge's previous finding that the evidence was not sufficient to support the claim of lack of cooperation on the part of the insured, was not necessary for a decision in the case. Our affirmance of the judgment was not on that ground but on the single ground that the insurance company was not justified in withdrawing from the case upon the insured's failure to appear at the trial because the insured was not given reasonably timely notice of the trial date.

We have not been referred to any case of the Kentucky Court of Appeals which holds that it is the duty of an insurance carrier to proceed with the defense of an insured, notwithstanding the fact that the insured has without justification refused to attend the trial and assist in its defense. In Hartford Accident & Indemnity Co. v. Partridge, supra, 183 Tenn. 310, 192 S.W.2d 701, 705, the attorneys for the insurance carrier were permitted by the Court to withdraw from the defense of the insured upon his failure to appear at the time of the trial and the insurance carrier was not held liable for

the resulting judgment. This ruling was based upon the following analysis by the Court of the legal rights of the parties, " * * * when the insured failed to attend the trial on the day set with his knowledge he breached the express condition precedent of his insurance contract which required this of him *and thereby discharged his insurer*." (Emphasis added.) The Court also referred with approval to the statement in the opinion in Coleman v. New Amsterdam Casualty Co., 247 N.Y. 271, 160 N.E. 367, 369, 72 A.L.R. 1443, "When the condition was broken, the policy was at an end, if the insurer so elected." This Court also approved the same statement in Storer v. Ocean Accident & Guarantee Corp., 6 Cir., 80 F.2d 470, 472. In American Automobile Ins. Co. v. Mack, D.C.E.D. Ky., 34 F.Supp. 224, 226, the District Judge, also relying on the New Amsterdam Casualty Co. case, stated the rule as follows, "A failure to cooperate permits the insurer to cancel the policy." To the same effect is Bruggeman v. Maryland Casualty Co., 3 Cir., 73 F.2d 587.

We realize that the mere failure of the insured to attend the trial will not by itself automatically justify the insurance carrier in withdrawing from the case, but if the failure to attend is combined with such other facts as to constitute a breach of the cooperative duty of the insurer and the policy is accordingly cancelled and at an end, we are of the opinion that the insurance carrier is relieved of any duty to proceed further in the defense of the insured. If it is doubtful whether such a breach has occurred and the insurance carrier thinks it advisable to protect itself by not withdrawing from the defense of the action, it can do so without waiving its claim of forfeiture by an express reservation of rights. If it proceeds with the defense of the action without being ordered to do so by the Court and without reserving its rights, it waives its right to a cancellation or forfeiture of the policy. United States Fidelity & Guaranty Co. v. Miller, supra, 237 Ky. 43, 34 S.W.2d

938, 76 A.L.R. 12; American Casualty Co. of Reading, Pa. v. Shely, supra, 314 Ky. 80, 234 S.W.2d 303.

The judgment is reversed and the case remanded to the District Court for further proceedings consistent with the views expressed herein.