**Mitchell HOOD, Appellant,**

**v.**

**COLDWAY CARRIERS, INC., et al.,
Appellees.**

Court of Appeals of Kentucky.

Oct. 15, 1965.

Rehearing Denied Sept. 16, 1966.

Rudy Yessin, Frankfort, J. D. Raine, Louisville, for appellant.

Hugo Taustine, Edward M. Post, Taustine, Post & Berman, Louisville, for appellees.

WADDILL, Commissioner.

Elmer Geiger brought this action against appellant, Mitchell Hood, to enforce a $6500 judgment which he had obtained against Hood in the state of Pennsylvania. By answer Hood denied that Pennsylvania court had obtained personal jurisdiction of him. He also filed third-party complaints against appellees, Coldway Carriers, Inc., and American Fidelity Casualty Company (hereinafter Coldway Carriers, Inc. will be referred to as Coldway and American Fidelity Casualty Company will be called American) seeking indemnity under a policy of insurance issued to Coldway by American and alleging that American could not deny its liability because it had defended the Pennsylvania suit.

The record in the Pennsylvania suit was made an exhibit in the instant action and shows that service of process was obtained on Hood. He then withdrew his defense

to Geiger's complaint and judgment was entered for Geiger against Hood. American and Coldway moved for summary judgment on the ground that American's policy did not cover Hood. This motion was sustained, judgment was entered and Hood appeals. Only this latter judgment is before us.

On June 13, 1956, Hood, as the owner of certain tractors and trailers, entered into an agreement with Coldway to lease them to Coldway to be used in the fulfillment of Coldway's hauling contract with Pillsbury Mills, Inc., in Downingtown, Pennsylvania. Under the leasing agreement Hood was to furnish drivers for these tractors. On December 4, 1956, one of the leased vehicles, while operated in Pennsylvania by an employee of Hood, injured Geiger. At that time Coldway was insured under the policy issued by American. When Geiger sued Hood, attorneys for American appeared and defended the suit for Hood.

American admits that the vehicle involved in this accident was covered under its policy with Coldway but contends that Hood, the owner of the leased vehicle, was not covered by its insurance policy under the following provision:

"* * * in no event does this policy cover the owner, lessor or driver of the hired vehicle or vehicles."

The dispositive question is whether American is precluded from asserting that Hood was not covered by the policy since it had defended the suit against him without first securing a reservation of rights. (Inasmuch as Hood pleaded reasons why an alleged reservation of rights, which American relied upon in the subject action, is of no legal effect, American concedes that in reviewing the correctness of the summary judgment we must assume it does not constitute a defense to the instant action).

■ As a general rule when an insurer undertakes to defend an insured with knowledge that the policy does not make it liable for any loss, the insurer is estopped to deny liability. American Casualty Company of Reading, Pennsylvania v. Shely, 314 Ky. 80, 234 S.W.2d 303; 7 Am.Jur.2d, Section 171, page 503. American points out that estoppel is premised on prejudice. It is argued that Hood could not have been prejudiced since in his deposition he denied that he had any actual knowledge of the suit filed against him in Pennsylvania. American reasons that since Hood didn't know of the suit he wouldn't have defended it; therefore, he was not prejudiced by their representing him in Pennsylvania and the doctrine of estoppel could not be invoked. However, in the Shely case (supra) we held:

"* * * The loss of a right to control and manage one's own case is itself a prejudice."

■ Moreover, when American defended the Pennsylvania suit it knew the circumstances that gave rise to the accident as well as the provision of its policy upon which it could have denied liability. Hence we conclude that, having defended the suit against Hood without obtaining a reservation of its rights, American will not be permitted to deny liability for the judgment against Hood either under the doctrine of estoppel or waiver. American Casualty Company of Reading, Pennsylvania v. Shely (supra); Bates v. Grain Dealers National Mutual Fire Ins. Co., Ky., 283 S.W.2d 3.

American also contends that while a defense of forfeiture may be lost by application of the doctrine of estoppel or waiver, it may not be invoked to extend coverage in the instant case to the owner of a leased vehicle.

This Court has previously held that the defense of non-coverage may be lost by the insurance carrier under facts similar to those appearing here. American Casualty Company of Reading Pennsylvania v. Shely (supra). See also 7A Appleman Insurance Law & Practice, Section 4692; 38 A.L.R.

2d Anno. 1148. We have decided to adhere to the principle of law set forth in the Shely case.

We conclude that the defense of non-coverage was lost by American unless preserved by the alleged reservation of rights. Accordingly it was error to enter a summary judgment.

The judgment is reversed and the case is remanded to the trial court with directions to overrule the motion for summary judgment.