**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

**Elba JACOBS, Adm'r of the Estate of Burton Slone, Deceased, Appellee.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

**Tony CRAFT, Guardian for Delmar Ray Craft, Appellee.**

Court of Appeals of Kentucky.

Dec. 16, 1966.

Edward J. Hogan, Henry V. B. Denzer, John L. Bennett, Louisville, Alva A. Hollon, Hazard, for appellant.

Cordell H. Martin, Hindman, Rudy Yessin, Frankfort, for appellees.

MONTGOMERY, Judge.

State Farm Mutual Automobile Insurance Company appeals from a judgment in consolidated actions by which Elba Jacobs, administrator of the estate of Burton Slone, deceased, and Tony Craft, guardian for Delmar Ray Craft, recovered $10,000 and $3,000, respectively. Each appellee sued appellant as the insurer of Boyd Deaton on unsatisfied judgments recovered by each against Deaton and Jess Rowe. Appellant resists liability as the insurer of Deaton because, it claims, Deaton failed to coop-

erate with appellant, in violation of the policy provision, in the defense of the actions in which Deaton and others had been sued.

The recoveries are for losses suffered in a three-car collision which occurred on Kentucky Highway 80, just east of Hindman, in Knott County on March 21, 1959. Burton Slone and Delmar Ray Craft, victims of the accident, were passengers in a car being driven eastwardly by Alva Slone. James R. Rowe was driving Jess Rowe's car, with Paul Stepp and Jack Symley as passengers. Deaton was driving alone. Both Rowe and Deaton were traveling westwardly. In substance, the Slone car collided with the left rear side of the Rowe car as it was returning to the right-hand side of the two-lane highway in completion of the act of passing the Deaton car in its proper traffic lane, and thus the Slone car collided head-on with the Deaton car.

Controversial issues of fact concerned the speed of the three cars, their courses of travel, and their positions on, or with reference to, the highway and with each other. Deaton did not testify at the trial. His deposition was taken subsequent to the trial. Deaton said that the Slone and Rowe cars collided in front of his car, and to avoid collision therewith, he pulled his car onto the shoulder of the road on his right hand side, and that his car had slowed or stopped before the Slone car came into contact with his car. Further details of the testimony concerning the collision are unnecessary.

■ In Beam v. State Farm Mutual Automobile Insurance Company, 6 Cir., 269 F.2d 151, Judge Shackelford Miller, Jr., in commenting on the effect of the absence of an insured at a trial, noted that " * * * the loss of the insured's testimony as a witness in chief is not the only result of his failure to appear at the trial. His failure to be present in defense of the claim can have an intangible effect upon the jury both as to the question of liability and the amount of the verdict, the net effect of which is difficult to measure. Unexpected developments in the plaintiff's evidence might be offset by an explanation on the part of the insured. Inaccurate or exaggerated testimony at the time of the trial may be prevented or held to a minimum by the mere presence of the insured." Under the facts of this case the absence of Deaton was damning. It was neither excusable nor justifiable and was prejudicial to the defense of the actions. Glen Falls Indemnity Co. v. Keliher, 88 N.H. 253, 187 A. 473; Hynding v. Home Acc. Ins. Co., 214 Cal. 743, 7 P.2d 999, 85 A.L.R. 13.

One of the policy conditions contained in the liability policy issued by appellant to Deaton is as follows:

"3. Assistance and Cooperation of the Insured. The insured shall cooperate with the company and upon its request, attend hearings and trials, assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of any legal proceedings in connection with the subject matter of this insurance. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of accident."

Appellant contends that Deaton's failure to cooperate relieved appellant of liability. Upon Deaton's failure to appear at the trial, counsel for appellant, under protest, proceeded with the defense of the actions against Deaton.

Deaton's home was in Chavies, near Hindman. He was a licensed pipefitter and worked out of union headquarters in Louisville. According to Deaton, he could always be reached through the union headquarters. This was his address, as shown on the policy.

On April 6, 1959, sixteen days after the collision, Deaton visited Alva A. Hollon, the local counsel for appellant, at his of-

fice in Hazard. Hollon took notes on what Deaton told him about the collision and notified Carl Floyd, the resident claims superintendent for appellant in Louisville. Thereafter, Hollon, Floyd, and Richard Garman, a claims representative, sought, unsuccessfully, to secure Deaton's cooperation in the defense of the actions and his attendance on the two trial dates, December 15, 1959, and May 16, 1960. Telephone calls, personal search, and certified mail with return receipt were the methods used. The receipts were signed by Deaton or a member of his family, or by his union representative. Apparently Deaton ignored the process served on him. The record shows that he received timely notice of both trial dates, of the necessity for him to cooperate with appellant in the defense of the action, and of appellant's reservation of the right to deny liability under the policy because of his failure to cooperate. He also was advised of his right to employ additional counsel since he had been sued for more than the policy limits. Hollon talked with Deaton at times but was unable to get his deposition before he disappeared. Deaton was advised by Hollon that his expenses in attending the trial set for May 16, 1960, would be paid.

Shortly after the May 16, 1960 trial, Deaton admitted that he had known of the trial dates. He said that he would not attend in the event a new trial should be granted. In response to a question as to what more the company (appellant) could have done to advise him of the trial, Deaton said, "I realize when I want to stay hid I can do a pretty good job of it." He assigned as his reason for refusing to cooperate that appellant had failed to settle to his satisfaction a claim for damages to his car. The claim was settled before the trial on May 16, 1960. He also claimed that he should have been reimbursed for travel expense of two trips from Chicago, Illinois. On the issue of Deaton's being financially unable to attend the trial, he admitted that in 1960 he was making $600 per month and owned a 1960 Cadillac.

The question is whether Deaton, the insured, cooperated in good faith with appellant, the insurer, in the defense of the actions filed against him. In Sun Indemnity Company v. Dulaney, 264 Ky. 112, 89 S.W.2d 307, and Travelers Ins. Co. v. Boyd, 312 Ky. 527, 228 S.W.2d 421, the failure of an insurer to give notice was held to be sufficient cause to relieve the insured of liability. The Travelers case and Kentucky Farm Bureau Mutual Insurance Company v. Miles, Ky., 267 S.W.2d 928, uphold the defense of non-cooperation. While Deaton did give appellant's counsel notice of the accident, he failed to cooperate further. Such failure has been held to release the insurer from liability. Omorrow v. Borad, 27 Cal.2d 794, 167 P.2d 483, 163 A.L.R. 894, and cases cited therein; Bauman v. Western & Southern Indemnity Company, 230 Mo.App. 835, 77 S.W.2d 496; Rohlf v. Great American Mutual Indemnity Company, 27 Ohio App. 208, 161 N.E. 232; Hartford Accident & Indemnity Company v. Partridge, 183 Tenn. 310, 192 S.W.2d 701.

The difficulty in locating Deaton was similar to the situation in Indemnity Insurance Company of North America v. Smith, 197 Md. 160, 78 A.2d 461, where the insureds "completely disappeared within a short time after they were notified of the suit against them. They succeeded in eluding everyone." This recalls Deaton's statement that he could do a good job of staying "hid." The Maryland court used Chief Judge Cardozo's words in Coleman v. New Amsterdam Casualty Company, 247 N.Y. 271, 160 N.E. 367, 72 A.L.R. 1443, when he said: "If this was cooperation, one is at a loss to imagine when cooperation could be lacking." These words are equally applicable here. Deaton's conduct amounted to such lack of cooperation as to relieve appellant of liability under the policy.

■ The quarrel with appellant over the satisfaction of another claim is not sufficient to excuse Deaton's lack of cooperation in these actions. Nor is the claim that he

lacked expense money valid in view of his earnings and the offer of appellant's counsel to pay his expenses to attend the trial.

 Appellees also contend that appellant waived the breach of the policy provision by settling the claim of Alva Slone, a cross-claimant. This matter was presented by appellees' motion to dismiss the appeals, which motion was overruled. No further consideration is to be given the matter.

Judgment reversed, with directions to enter a judgment for the appellant.