Wilma HENSLEY, Administratrix of the Estate of Rufus D. Hensley, Deceased, Appellant,

v.

HARTFORD ACCIDENT & INDEMNITY COMPANY, a Corporation, Appellee.

Court of Appeals of Kentucky.

Feb. 27, 1970.

P. H. Vincent, Edwin D. Rice, Ashland, for appellant.

J. W. McKenzie, Ashland, for appellee.

CLAY, Commissioner.

This is an appeal from a summary judgment entered for defendant insurance company. The issue presented is whether the defendant waived its right to disclaim liability under an insurance policy. The facts are not in dispute.

Plaintiff's decedent was killed in a motor vehicle accident caused by a fellow employee. The employer was the insured. The liability policy excluded coverage of an accident such as was here involved.

The plaintiff filed suit against the employer, which was prosecuted to judgment in the amount of approximately $56,000. After that suit was filed, the insurance company timely notified the insured by letter that it did not appear there was insurance coverage and also advised the insured that the company lawyer would de-fend the action on his behalf if he did not employ his own counsel. In this notice to the insured the company reserved all of its rights under the policy.

The insured did employ his own lawyer. However, during the course of the proceedings and during the trial the company lawyer took an active part in defending the insured.

The judgment was not satisfied and this suit was brought against the company. Plaintiff's cause of action is based on the theory that because the company lawyer participated in the defense of the insured, it thereby waived its right to disclaim liability under the insurance policy. The plaintiff cites a number of authorities which consider the question of waiver and estoppel asserted by *the insured* against his insurance company. That problem is not involved here.

The insured had no claim and has made no claim against the company. He was timely notified of the probable lack of coverage and the company reserved all of its rights to disclaim liability for any·judgment against him. We know of no theory on which the plaintiff could have acquired any rights against the company. Surely an insurance company lawyer can appear in the courtroom defending an accident claim against an insured without committing the company to pay the judgment. The representation of the insured by the company lawyer in the present case may have given the plaintiff cause for hope that there was insurance coverage. Such hope does not create a cause of action.

There was no waiver or estoppel. Under the facts of this case there is no legal principle or theory which would impose liability on the company to satisfy the judgment against its insured. On similar facts it was so held in National Union Indemnity Company v. Miniard, Ky., 310 S.W.2d 793 (1958).

The judgment is affirmed.

All concur.