**WESTERN FARM BUREAU MUTUAL IN-
SURANCE COMPANY, Appellant,**

v.

**DANVILLE CONSTRUCTION COMPANY,
Inc., Appellee.**

Court of Appeals of Kentucky.

Jan. 22, 1971.

James G. Sheehan, Jr., Danville, for appellant.

Pierce Lively, Lively & Rodes, Danville, for appellee.

PALMORE, Judge.

On September 5, 1968, a motor vehicle owned by the appellee, Danville Construction Company, Inc., was damaged in a collision with a vehicle owned by Marion E. Thompson and driven by Thompson's employe, Otis Eugene Ray. Thompson and his driver were protected by a policy of liability insurance theretofore issued to Thompson by the appellant, Western Farm Bureau Mutual Insurance Company. A suit in the Boyle Circuit Court against

**126**

Thompson and Ray resulted in a $3,092.75 judgment for the Danville company. The judgment being unsatisfied, the Danville company then brought this action against the insurance company. The case comes before this court on the insurance company's appeal from a summary judgment against it.

The facts on which the summary judgment rests are substantially undisputed.

The insurance company's home office is in Las Cruces, New Mexico, and at all times pertinent to this discussion Thompson was a resident of Mesa, Arizona, and Ray was a resident of Gilbertstown, Alabama. Apparently Thompson and Ray were working on a construction project at Morehead, Kentucky, during the period of time in which the accident occurred.

The suit against Thompson and Ray was filed on October 18, 1968. Meanwhile, a representative of the insurance company had attempted to adjust the claim and had made one or more offers of settlement. Hon. James G. Sheehan, Jr., was engaged by the insurance company to defend the action. He filed an answer, counterclaim and third-party complaint in which Thompson claimed $1,100 in damages against the Danville company and its driver, Ralph Burton, the third-party defendant. The case was set for trial on January 21, 1969.

During the course of the proceeding Mr. Sheehan made contact with Thompson and Ray by a letter addressed to a construction company at Morehead, in which he asked that they get in touch with him. At some time in December (1968) he accepted a collect telephone call from Thompson and told him that the trial had been set for January 21, 1969. Thompson replied to the effect that both he and Ray, who was with him, were nonresidents of Kentucky and had no plans to be in this state after Christmas. Mr. Sheehan thereupon informed Thompson that the insurance policy required the cooperation of the insured parties and that it would not be possible for him to make a successful defense of the claim without their full cooperation. The record does not disclose what response, if any, Thompson made to this admonition.

On December 18, 1968, Mr. Sheehan mailed letters to Thompson and Ray at the same address in Morehead, and on January 9, 1969, the letters were returned unclaimed. Finally, on January 14, 1969, a week before the trial date, the attorney sent letters to Ray at Gilbertstown, Alabama, and to Thompson through the insurance company at Las Cruces, New Mexico, again notifying them of the trial date and requesting their cooperation.

When the case was called for trial on January 21, 1969, neither Thompson nor Ray appeared and counsel moved the trial court "to continue the case generally." The motion was not supported by affidavit, though counsel explained the circumstances. It was overruled, following which Mr. Sheehan advised the court and opposing counsel that his further participation would be under reservation of the insurance company's right to deny liability. The case then proceeded to trial, with the result heretofore mentioned.

The pleadings in the case now before us consist of a complaint and an answer. Basically, the complaint sets up the unpaid judgment and the insurance policy, and the answer pleads avoidance of the policy by reason of the insured parties' failure to comply with the policy condition requiring them, upon request, to "attend hearings and trials" and "assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits."

Plaintiff moved for judgment on the pleadings and defendant moved for summary judgment, following which the trial court entered an order that the case be submitted as if on motions of both parties for summary judgment, subject to the right of each party to submit further affidavits or other supporting materials within ten days. No further supporting material hav-

ing been offered within that time, judgment was entered for plaintiff.

The insurance company does not question the procedural manner in which the case was decided in the trial court, and we mention it only because we do not wish to invite the inference that a summary judgment would have been proper had either party desired to develop further facts.

The judgment was premised on the following conclusion of law:

"When the defendant, Western Farm Bureau Mutual Insurance Company, learned on or about December 18, 1968, that its insured Marion E. Thompson and his driver Otis Eugene Ray did not intend to be in Kentucky after Christmas, 1968, knowing that Action No. 3591 was set for trial on January 21, 1969, and did not immediately notify its insured that if he failed to cooperate in defense of the action that the insurance company would either withdraw from the defense or defend under a reservation of rights, the said defendant, Western Farm Bureau Mutual Insurance Company waived its right to rely upon a defense of non-cooperation by the insured, and its attempt to defend under a reservation of rights on January 21, 1969, was not timely."

■ Waiver is a defense that must be specifically pleaded. CR 8.03. The insurance company contends, therefore, that if a cause of action depends on a waiver it must be set up in the complaint. In some instances that might be so, but not in this case. Plaintiff was in the position of a person suing on a contract. Defendant confessed the contract but pleaded avoidance. A reply was not authorized in the absence of an order directing or permitting it. CR. 7.01. CR 8.04 provides that allegations in a pleading to which no response is required or permitted "shall be taken as denied *or avoided.*" (Emphasis ours.) A plea of waiver is simply a plea in avoidance, and under the procedural posture of this case the plaintiff was authorized to rely upon the issue without specifically pleading it.

■ Counsel for the Danville company choose to rely exclusively on the waiver theory, conceding that the insured parties violated the cooperation clause of the policy. They take the position, as did the trial court, that with knowledge of this violation the insurance company could not conduct the trial under a reservation of rights without having notified or attempted to notify the insured parties of its intention to reserve its rights.

"In order to prevent the waiver from taking effect, it is necessary that the insurer promptly give unequivocal notice that it is defending the action under a reservation of all defenses which it may have by reason of the policy provisions." Beam v. State Farm Mutual Automobile Insurance Co., 269 F.2d 151, 155 (6 Cir. 1959).

A good many opinions have been written in and around this particular area of the law, but few have devoted much discussion to just how, when and to whom the notice must be communicated.

The reason for a requirement that notice be brought home to the insured was ably explained in Daly v. Employers' Liability Assur. Corp., 269 Mass. 1, 168 N.E. 111, 72 A.L.R. 1436 (1929), a case rather similar to this except that there the insurance company's counsel apparently did not attempt to reserve its rights by a statement in court as counsel sought to do here. In that case the insured party told the insurer two days before the trial that he could not attend, and the insurer then advised him that his unwillingness to attend would violate the policy. The case went to trial without his being present, a motion for continuance being overruled. After the return of an adverse verdict the insurer's counsel filed motions for a new trial and on the same day notified the insured party that it was disclaiming liability and withdrawing from further participation in the case. In affirming a judgment holding

that the insurer could not avoid liability under its policy the court said:

"It appears from the facts found that the insurer had notice when the cases went to trial that the assured could not or would not come to court at that time, and it knew all facts upon which it now relies to establish a breach of the conditions of the policy. It did not then notify the assured that it disclaimed any liability under the policy or that by continuing in the cases it would not waive its defenses to any action on the policy, but it elected to proceed with the defence of the cases in behalf of the assured and waited until unfavorable verdicts had been returned and its counsel had filed motions for new trial before it withdrew from the cases. The statement to the assured before or during the trial that his unwillingness to attend was a violation of the terms of the policy was not in substance·or effect a disclaimer of full responsibility for continuing in sole control of the defence or a notice that it did not thereby intend to waive any defence of its liability under the policy.

"In the absence of any notice to the contrary, the assured had a..right to expect that the insurer, which had undertaken to represent him in the actions, would continue that representation until some notice should be given of its withdrawal, or of a change in the capacity in which it was acting in the matter. It is assumed that the plaintiffs have no greater rights under the policy than the assured would have * * *.

"In our opinion, as the insurer continued to conduct the cases for the assured under the circumstances disclosed, without suggesting that the assured should engage personal counsel or otherwise take measures to protect his own interest in the cases, it cannot now be heard to say that the failure of the assured to attend as a witness relieves it from liability under the policy."

Failure to notify the insured party cannot always be fatal, however. The insurer may not have sufficient advance warning to warrant a finding that it should have given such notice. And after becoming aware of the probability of his non-cooperation it may not know his whereabouts and may not be able to reach him. So again the old faithful rule of reason must prevail. "One principle which seems to be inherent in the cases discussed herein, but which is not given express formulation, is that an insurer will not be held to have waived, and will not be estopped to assert a breach of, the co-operation clause by its insured if it repudiates liability at the first opportunity after becoming aware of the insured's failure to co-operate." Annotation, "Automobile liability insurer's waiver of right, or estoppel, to set up breach of co-operation clause," 70 A.L.R.2d 1197, 1199 (1960).

Whether the facts within the knowledge of the insurer (or, of course, its counsel) were such that in the exercise of reasonable care it should have foreseen that the insured party or parties would not attend the trial, in time to notify them that in such event it would proceed under a reservation of its right to disclaim liability under the policy, is a question of fact to be determined by a trial unless the evidence is such that there is but one reasonable conclusion. Cf. 7 Am.Jur.2d 522, 523 (Automobile Insurance, § 184). In this case, the inquiry being confined to the facts laid before the trial court by the respective motions for judgment, we must agree that the only reasonable conclusion to be drawn is that the insurer did have ample forewarning and opportunity before the trial date to notify the insured parties of its intention to proceed under a reservation of its·rights if they did not appear for the trial.

We are of the further opinion that the judgment in this case is sustainable on a less technical ground. Regardless of the Danville company's concession to the contrary, the factual information submitted to the trial court in this proceeding was not

sufficient to support a conclusion that there was a substantial violation of the co-operation clause by the insured parties. Mere failure or refusal by the insured to attend the trial or to appear as a witness is not always and inevitably a circumstance that will permit the insurer to avoid the policy. Again, as in the case of the company's duty, vel non, to give notice of its intention to proceed under a reservation of rights, whether under all the circumstances of the case the absence of the insured constituted a breach of his obligation to cooperate "is ultimately a question of fact." Beam v. State Farm Mutual Automobile Insurance Co., 269 F.2d 151, 155 (6 Cir. 1959).

"While a few courts have taken the view that liability policy clauses requiring the insured to cooperate in the defense of actions under the policy by attending the trial and testifying where requested to do so are to be construed strictly and in accordance with their plain terms, so that an insurer may escape liability by merely showing a failure or refusal to attend or testify, it appears to be the view of the great majority of the courts that such clauses require only reasonable co-operation, and that a material breach must be shown before the insurer will be excused.

"Accordingly, it has frequently been held that the clause is not breached by the insured's nonattendance where his testimony would not have been of material aid or where, for this or other reasons, the insurer was not prejudiced by his absence, as where the same or equivalent testimony could have been or was presented in some other manner or from some other source.

"It has generally been recognized also that before the insurer may rely upon a breach of the co-operation clause it must show that it has itself acted with reasonable diligence, and it may be found liable notwithstanding the insured's failure to attend or testify if it appears that the insurer failed to take reasonable steps to secure his attendance, by notifying him of the necessity therefor, attempting to locate him if his whereabouts is unknown, and paying his reasonable expenses where, as is usually the case, the policy requires it to do so.

"Similarly, where the attempts to secure attendance are unavailing, the insurer, before it can rely upon nonco-operation, may be required to take reasonable steps to obviate the prejudicial effect of such nonattendance by taking the insured's deposition or by seeking continuances until such time as his attendance can be secured.

"It has also been recognized that attendance by the insured may be excused where, for one reason or another, it is impossible or unreasonably inconvenient for him to be present, as where he would suffer extreme financial penalties by leaving his job or business for the period of the trial.

"It should be pointed out, however, that these various factors of materiality, diligence on the insurer's part, or the excusability of the absence from the insured's point of view, have rarely been regarded as individually controlling. The typical case has been regarded as presenting a question of fact for the jury on an assessment of all these various matters." Annotation, "Liability insurance: failure or refusal of an insured to attend trial or to testify as breach of co-operation clause," 60 A.L.R.2d 1146, 1149 (1958).

"There is considerable authority to the effect that mere absence at the trial does not in itself constitute lack of cooperation, and that in order to have that result the insurer must show that the absence was not excusable or justifiable *and was prejudicial to the insurer*." (Emphasis ours.) Beam v. State Farm Mutual Automobile Insurance Co., 269 F.2d 151, 154 (6 Cir. 1959). Cf. Metropolitan Casualty Ins. Co. of New York v. Albritton, 214 Ky. 16, 282 S.W. 187, 188 (1926). See also 7 Am.Jur.

**130**

2d 517 et seq. (Automobile Insurance, § 181) and the above cited annotation at 60 A.L.R.2d 1146. We concur in that viewpoint. State Farm Mutual Automobile Ins. Co. v. Jacobs, Ky., 409 S.W.2d 523 (1966), does not hold otherwise.

In this case there is nothing in the record to justify an inference that the insurance company was materially prejudiced by the absence of Thompson and Ray. Certainly it had the opportunity of taking their evidence by deposition, and there were means by which it could have shown the trial court in this proceeding whether it had reason to believe their presence would have been helpful. It is true, of course, that the very nonappearance of a litigant in the courtroom during the trial of his case will create some degree of detriment, but whether that detriment is material and substantial depends on other factors. For example, if he is a witness, or can be called as a witness, his testimony may be more harmful than beneficial. He may be better off somewhere else. It is the insurer's burden to show why his absence was materially prejudicial. The factual material submitted to the trial court did not suggest the existence of any substantial evidence to that effect.

Neither State Farm Bureau Automobile Ins. Co. v. Jacobs, Ky., 409 S.W.2d 523 (1966), nor Hensley v. Hartford Accident & Indemnity Co., Ky., 451 S.W.2d 415 (1970), is analogous to this case, In *Jacobs* the insured party's breach of the cooperation clause was incontestably obvious, and the insurance company gave him timely notice of its reservation of rights. In *Hensley* too (which involved a question of coverage and not a violation of the policy provisions) the company participated in the litigation under a timely reservation of its rights.

Also to be distinguished are those cases in which the insured's failure to comply with the exact letter of the contract go to the critical matter of timely notice rather than subsequent cooperation, and in which

prejudice to the insurer is presumed. See, for example, Jefferson Realty Co. v. Employers' Liability Assur. Corp., 149 Ky. 741, 149 S.W. 1011 (1912); Aetna Casualty & Sur. Co. of Hartford, Conn. v. Martin, Ky., 377 S.W.2d 583 (1964).

The judgment is affirmed.

All concur.