LYDIA V. FORTIS et al., Appellants, v. GLENS FALLS INSURANCE COMPANY, Respondent.

First Department, April 22, 1965.

*Milton Wittels* of counsel (*Joseph A. Tursone,* attorney), for appellants.

*Richard J. O'Keefe* of counsel (*Watters & Donovan,* attorneys), for respondent.

Witmer, J. The plaintiffs appeal from an order of the Supreme Court entered in Bronx County Clerk's office on November 16, 1964 granting defendant's motion to dismiss the complaint herein upon the ground that the court does not have jurisdiction of the action. The action is upon a judgment obtained upon default of defendant's insured in a negligence action, plaintiffs now seeking to require defendant to pay the judgment. Defendant successfully contended below that plaintiffs had failed to comply with a condition precedent to bringing this action, the condition being contained in section 167 (subd. 1, par. [b]) of the Insurance Law, which provides that when a judgment against the insured remains unsatisfied for 30 days after service " of notice of entry of judgment upon the attorney for the insured, or upon the insured, and upon the insurer, then an action may * * * be maintained against the insurer under the terms of the policy or contract for the amount of such judgment not exceeding the amount of the applicable limit of coverage under such policy or contract."

It appears that on November 16, 1958 the plaintiffs were passengers in an automobile owned and operated by one Tomas Morales, to whom the defendant had issued a standard automobile liability insurance policy covering said automobile for the year ending December 30, 1958; that by reason of the negligence of said Morales an accident occurred and plaintiff passengers were injured. Plaintiffs brought suit in negligence against said Morales; and he delivered the papers in the action to the defendant herein to defend him. The defendant retained attorney Michael Saunders, Esq., to defend Morales in said action, and the attorney appeared therein. Thereafter, upon motion of said attorney Saunders, opposed by plaintiffs' attorney, the court by order entered February 2, 1960 permitted Saunders to withdraw as attorney for Morales, upon Saunders' affidavit that although he had written and sent telegrams to Morales and had made attempts to locate him, Morales could not be found, and failed to co-operate in the defense of the action. It also appears that plaintiffs unsuccessfully attempted to find Morales, and sent a registered letter to his last-known place of residence which was returned, marked " Addressee Unknown ".

On November 1, 1963 plaintiffs proved judgment by default against Morales, as follows: in favor of Lydia Velasquez Fortis

in the sum of $10,214.50, including costs and disbursements; in favor of Celia Moctezumas, Marciano Fortis and Edwin Serrano, each in the sum of $2,500; and said judgment was entered in Bronx County Clerk's office on November 6, 1963. On the day of entry of said judgment a copy thereof with notice of entry was served by mail upon said attorney Michael Saunders, former attorney for Morales, and defendant insurer; and when 30 days had expired after such service, plaintiffs brought action against defendant upon the judgment. Upon the ground that the plaintiffs had made no service upon, or attempt to serve, the judgment debtor, Morales, defendant moved to dismiss the action for lack of jurisdiction (Insurance Law, § 167, subd. 1, par. [b]), and the motion was granted.

Thereafter, plaintiffs on June 17, 1964 served a copy of said judgment with notice of entry upon the judgment debtor Morales by certified mail, return receipt requested, addressed to his last-known address, pursuant to Insurance Law (§ 167, subd. 1, par. [b]) and CPLR 2103 (subd. [b], par. 2, and subd. [c]); and on June 24, 1964 plaintiff also served the judgment debtor by filing with the Bronx County Clerk such a copy of the judgment with notice of entry pursuant to CPLR 2103 (subd. [d]). When 30 days had expired after the foregoing service, plaintiffs commenced this action against defendant, alleging the foregoing service of judgment with notice of entry upon the judgment debtor and the defendant, in compliance with the Insurance Law (§ 167, subd. 1, par. [b]).

Defendant interposed an answer of general denial with some admissions of fact; alleged that plaintiffs had failed to serve the judgment debtor as required in said section of the Insurance Law; and set up the affirmative defenses that the insured Morales had failed to co-operate in the defense of the action, and had failed to defend the action and put plaintiffs to a trial of their case. Defendant then moved for dismissal of this action for failure of plaintiffs to perform a condition precedent to suit, namely, service of a copy of the judgment with notice of entry upon the judgment debtor; and Special Term granted such motion and dismissed the action. It is from this order that the plaintiffs appeal.

It should be noted that on this appeal we are not presented with any question concerning the merits of the defenses, beyond the technical claim of failure to serve the judgment debtor. Thus, we have no occasion to consider the issues raised concerning the validity of the judgment against Morales nor concerning defendant's right to be relieved of defending Morales or of making payment of the judgment against him. It does

not appear that defendant seeks to attack the validity of the judgment under CPLR 3215. Defendant also apparently chose not to seek to protect the judgment debtor or itself by moving to open the default judgment against him.

Defendant rests its motion solely upon the failure of plaintiffs to comply with the said condition precedent contained in the Insurance Law (§ 167, subd. 1, par. [b]) and by law embodied in its insurance policy, for the service of a copy of the judgment with notice of entry upon the insured, judgment debtor, at least 30 days before bringing this action. Defendant is correct that such service is a condition precedent and will be strictly construed (*McNamara* v. *Allstate Ins. Co.*, 3 A D 2d 295). In the *McNamara* case no effort was made to comply with this statutory provision with respect to the judgment debtor; and the court said that in that case there was "no hint in either record or brief that there was any impossibility of performance by the plaintiff of this requirement." The question before us is, have plaintiffs in this case complied with the statutory condition precedent?

Defendant acknowledges that after receiving the original papers in the negligence action against Morales and undertaking the defense of that action, neither it nor its attorney could find Morales, and so they procured an ex parte order (insofar as Morales was concerned) permitting the attorney to withdraw from defense of the action. Defendant knows that neither it nor plaintiffs can locate Morales. Yet defendant contends herein (p. 10 of its brief) that "personal service of the judgment with notice of entry thereof should be required or at the very least some other method of service should be prescribed which would require a due and diligent effort to locate the judgment debtor." It seems that the defendant, while demanding of plaintiffs technical compliance with the statutory provision for service upon the judgment debtor, asks the court to go beyond the statute and establish additional requirements for notice to the judgment debtor.

Without doubt the ideal situation would be for the judgment debtor to be found and served personally, so that there could be no question that he knows of the judgment. Our function, however, is not to legislate but to construe the statute in question. The defendant in effect asks that the statute be construed as requiring service of notice as in the case for securing original jurisdiction to institute an action (see CPLR 308). It is apparent, however, that the Legislature had no such intention with respect to the matter at bar. The statute (Insurance Law, § 167, subd. 1, par. [b]) is dealing with the service of a paper

with respect to an action already instituted. We must, therefore, look to CPLR 2103, "Service of papers", to ascertain how service of the copy of the judgment with notice of entry must be made.

Since Morales' attorney (Saunders) was allowed to withdraw from the case, plaintiffs acknowledge that service upon him was insufficient to accomplish service upon Morales. Plaintiffs then served the judgment debtor under subdivision (c) of CPLR 2103 which provides for service "Upon a party", and which refers back to subdivision (b), paragraphs 1, 2 or 4. Plaintiffs chose to serve the judgment debtor under paragraph 2 of subdivision (b), that is, service by mail to his last-known address. The record shows that the plaintiffs chose the most appropriate method of those specified. (See *Benware* v. *Acme Chem. Co.*, 284 App. Div. 760, 762.) Realizing the improbability of such service actually reaching the judgment debtor, the plaintiffs also served him as provided in subdivision (d) of said section, which provides that if service cannot be effected as provided in subdivision (b) or (c), "service may be made by filing the paper as if it were a paper required to be filed."

The argument that CPLR 2103 does not apply because it refers to service of papers in a pending action and not to service of a paper in a manner required to institute an action misses the point that the Insurance Law (§ 167, subd. 1, par. [b]) provides for service of a copy of the judgment with notice of entry in the action in which the judgment was obtained, as a condition precedent to the institution of the action against the defendant insurer. For the purpose of serving a copy of such judgment with notice of entry upon the insured, the action in which the judgment was obtained was still pending at the time of such service (cf. *Wooster* v. *Forty-Second St. & Grand St. Ferry R. R. Co.*, 71 N. Y. 471; *People ex rel. Nolan* v. *Prendergast*, 88 Misc. 307, affd. 169 App. Div. 959; see, also, *Hendry* v. *Hilton*, 283 App. Div. 168, where the entry of judgment was held not to terminate the attorney's authority to receive service of a copy of the judgment with notice of entry). Consequently, service in the manner provided by CPLR 2103 was sufficient service to meet the requirements of section 167 (subd. 1, par. [b]) of the Insurance Law.

Now, it may well be that such filing also did not bring notice in fact to the judgment debtor. But the judgment debtor had originally been served in the action, and knew the case was pending against him. He had reason to expect further proceedings therein; and it was not unreasonable for the Legislature, in its wisdom, to determine that under circumstances

such as these, filing of the document is as well calculated as any feasible means to bring notice to such a party. Plaintiffs have complied fully with the statutory requirements.

It must be remembered, as above noted, that we do not reach the merits of defendant's several possible defenses; but for the purpose of this appeal we must assume that defendant may be held liable to the plaintiffs if the plaintiffs have complied with the required condition precedent. It is defendant's position that plaintiffs may not maintain this action until they accomplish something which defendant admits it could not do, and on account of which it disclaimed liability. In effect, it contends that there can be no insurance protection for the plaintiffs under these circumstances. It does violence to the manifest purpose of section 167 of the Insurance Law to hold that in these circumstances, as a condition precedent to recovery against the insured's liability carrier, a member of the public injured by an insured person must effect service of his judgment with notice of entry thereof in some manner reasonably calculated to bring notice to the insured. Surely it was never intended that an individual claimant must trace an insured who cannot be found by an insurance company with vast and expert investigative resources. To so hold in this case, for example, would mean that an insurance company on its mere claim that it was unable adequately to prepare a defense by reason of its insured's disappearance would avoid liability as a matter of law because the claimant could not locate the insured. The State's "solicitude for the victims of automobile accidents" is far too great to permit of such interpretation in view of the plain wording of the statute in question. (See *Wallace* v. *Universal Ins. Co.*, 18 A D 2d 121, 123; *Teeter* v. *Allstate Ins. Co.*, 9 A D 2d 176, 181 *et seq.*)

The order granting the motion to dismiss the complaint should be, therefore, reversed, and the motion denied, with costs and disbursements.

STEUER, J. (dissenting). I would affirm.

Plaintiffs' right to sue defendant insurer is purely statutory (*Jackson* v. *Citizens Cas. Co.*, 277 N. Y. 385). It is elementary that to take advantage of a statutory claim plaintiff must meet any conditions imposed by the statute. One of the conditions is service of notice of entry of the judgment on the insured or his attorney (Insurance Law, § 167). This condition is mandatory (*McNamara* v. *Allstate Ins. Co.*, 3 A D 2d 295).

The action against the insured was originally defended by an attorney designated by the defendant insurer. Before the

entry of judgment that attorney was allowed to withdraw by the court. There was no appeal from this ruling. The effect was that there was no attorney for the assured upon whom the judgment could have been served and no grounds for predicating any relief due to the absence of such an attorney.

Plaintiffs claim to have complied with the condition of the statute by serving the insured in two ways, as provided by CPLR 2103. The first was by mailing to the insured's last-known address (CPLR 2103, subd. [b], par. 2); the second, by filing the judgment (CPLR 2103, subd. [d]). The difficulty with this contention is that CPLR 2103 has no application. That section refers to papers in an action, and subdivision (b) commences: " Except where otherwise prescribed by law or order of court, papers to be served upon a party in a pending action ". And all of the provisions of the rule have reference to such papers. The judgment against the insured is not a paper to be served in the action pending against the insurer. On the contrary, it is a paper that must be served on a third party before that action can be initiated.

The Insurance Law does not provide how the judgment shall be served on the judgment debtor. Justice BASTOW in *McNamara* v. *Allstate Ins. Co.* (3 A D 2d 295, 299, 300, *supra*) states that the legislative purpose in requiring service on the insured is not clear but that it may be that this is the first notice that the insured has that there is a judgment against him. This could well be the situation where, as here, the underlying judgment was entered on a default. The protection afforded would be that measures to collect the default judgment would not be allowed until there was a reasonable probability that the insured knew he had been cast in damages and alerted to the fact that unless he comes forward to assert any claim that he may have to the invalidity of the judgment, the processes of collection will ensue. If this is the legislative purpose — and no other has been suggested — it must be clear that the only service that will accomplish the legislative purpose is one that is reasonably calculated to bring the fact that there is a judgment to the insured's attention. It is patent that neither of the two methods relied upon here will accomplish this result. Filing an additional copy of the judgment in the court where the judgment was entered is certainly not going to give any notice that the original judgment did not give. And mailing a copy to an address where, as here, it is known that the debtor does not reside, is not notice but merely a perfunctory gesture (*Polansky* v. *Paugh,* 23 A D 2d 643).

The foregoing is not to say that the service required by the Insurance Law (§ 167) is the same as that required for a summons. But it is to say that the only permissible form of service is one that indicates a reasonable probability of bringing notice to the insured. No such service being alleged, a jurisdictional fact is lacking and the complaint was properly dismissed.

BOTEIN, P. J., RABIN and VALENTE, JJ., concur with WITMER, J.; STEUER, J., dissents in opinion.

Order, entered on November 16, 1964, granting the motion to dismiss the complaint, reversed, on the law, with $30 costs and disbursements to the appellants, and the motion to dismiss the complaint denied.