■ MELIHA RUCAJ, Appellant, v PROGRESSIVE INSURANCE COMPANY, Respondent. [797 NYS2d 79]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered on or about April 2, 2004, which denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, the cross motion denied, the complaint reinstated, and summary judgment granted in favor of plaintiff up to the limit of defendant's policy. The Clerk is directed to enter judgment in favor of plaintiff and

against defendant in the amount of $50,000 with statutory interest from September 17, 2003 (the date defendant received a certified copy of the default judgment with notice of entry).

Plaintiff Meliha Rucaj was injured on September 30, 2002 when a car owned and operated by Jason Garcia made a left turn onto White Plains Road at the intersection of White Plains Road and Morris Park Avenue in the Bronx and struck her while she was crossing the street. Garcia was insured by defendant Progressive Insurance Company.

Having notified Progressive of her claim against Garcia, plaintiff brought an action against Garcia, obtaining a default judgment on liability upon his failure to answer. Plaintiff's counsel informed Progressive of the scheduled inquest on damages; however, rather than seek to appear at the inquest or to vacate the default, Progressive allowed the inquest to proceed unopposed, and served a disclaimer of coverage on the ground of Garcia's asserted noncooperation.

Defendant failed, as a matter of law, to establish any of the claimed defenses to plaintiff's action. Initially, defendant failed to establish its jurisdictional defense. Service of the summons and complaint was made on a Ms. Pierce, who sat at the front desk in defendant's Yonkers office. No affidavit by Ms. Pierce was submitted as to the extent and limits of her authority, nor was there a statement by a corporate officer competent to speak on behalf of the company as to Ms. Pierce's status and authorization. The affidavit of Brian Olewnick, a casualty specialist, did not indicate any basis for his knowledge of his coemployee's status and authorization to accept process, and indeed, failed to indicate that he was himself authorized to speak on behalf of Progressive on this issue.

Additionally, the evidence submitted by defendant insurer was insufficient, as a matter of law, to establish a defense of noncooperation. An insurer who seeks to disclaim liability based upon lack of cooperation of the insured, must demonstrate (1) that it acted diligently in seeking to bring about the insured's cooperation, (2) that its efforts were reasonably calculated to obtain the insured's cooperation, and (3) that the attitude of the insured was one of "willful and avowed obstruction" (*see Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 168 [1967]; *see also Matter of New York Cent. Mut. Fire Ins. Co. [Salomon]*, 11 AD3d 315 [2004]).

The actions taken by defendant insurer to secure the insured's cooperation were, as a matter of law, insufficient to be termed either diligent or reasonably calculated to obtain his cooperation (*id.*). The submitted affidavit of the insurer's casu-

alty specialist does not establish the necessary diligence as a matter of law. Defendant's casualty specialist indicated that he contacted Garcia's cell phone on October 8, 2002, questioned Garcia about his license and residence, and asked Garcia to send him proof of residency, which Garcia never did. The residency skip trace he arranged confirmed Garcia's New York license and Virginia residence. The investigator did not attempt to contact Garcia again until eight months later, when he learned in June 2003 that plaintiff had commenced a lawsuit against Garcia and obtained a default judgment, and at that point his attempts to contact Garcia were limited to telephone calls to his cell phone number, his Virginia number, and his mother's residence in the Bronx. Although the calls were either unanswered, or were answered by unidentified persons who refused to provide any information concerning Garcia's whereabouts, the investigator did nothing more than conduct another trace search, which revealed no new information. No attempt was made to send an investigator to Garcia at his residence in Virginia or his mother's residence in the Bronx to inquire of neighbors and/or family members as to Garcia's whereabouts. Nor was an attempt made to contact Garcia's place of employment and speak to his employer or coworkers. The only written correspondence sent to Garcia was apparently that announcing the disclaimer of insurance coverage, which was sent to Garcia on July 8, 2003, and was returned as unclaimed.

Moreover, the submissions do not permit the motion court's determination that the insured willfully obstructed the insurer's attempt to investigate (*see Matter of Empire Mut. Ins. Co. [Stroud—Boston Old Colony Ins. Co.]*, 36 NY2d 719 [1975]). Defendant's assertion is based merely upon the claim that Garcia was apparently aware of the lawsuit since he was served with the summons and complaint and notice of motion for entry of a default judgment. It cannot be concluded from this alone that he was aware of the lawsuit and an obligation to cooperate with his insurer. Indeed, even assuming Garcia was aware of the lawsuit, he could have believed his insurance company was taking care of it. While Garcia may be guilty of inaction, carelessness or neglect, it cannot be concluded that defendant insurer provided sufficient evidence from which it could be inferred that after Garcia's cooperation was sought his attitude was one of willful and avowed obstruction (*see Hanover Ins. Co. v DeMato*, 143 AD2d 807 [1988]).

Accordingly, the motion court erred in granting summary judgment to the defendant insurer dismissing plaintiff's Insurance Law § 3420 claim.

In view of our determination rejecting defendant's pleaded defenses as a matter of law, no issues remain preventing an award of judgment in plaintiff's favor. Plaintiff's submissions establish the predicates for a direct action against an insurer. Garcia was insured under an automobile liability policy issued by Progressive, and the policy covered incidents such as that in which plaintiff was injured. The injured plaintiff (1) obtained a judgment against the insured in an amount up to the policy limits; (2) waited 30 days from service of the judgment with notice of entry upon the insured and the insurer, following which the judgment remained unsatisfied; and (3) brought the present action against the insurer (*see* Insurance Law § 3420 [a]). Notice of entry of the judgment was properly served on the insured by certified mail, return receipt requested, sent to the insured's address as it was indicated in the police accident report and the insurance policy, since this method of service was reasonably calculated to provide him with notice. Plaintiff need not prove that the insured actually received the judgment (*see Fortis v Glens Falls Ins. Co.*, 23 AD2d 88 [1965], *affd* 18 NY2d 779 [1966]).

An insurer, "[h]aving disclaimed its duty to defend its insured in the underlying action, . . . may not . . . raise defenses extending to the merits of plaintiff's claim against the insured" (*Robbins v Michigan Millers Mut. Ins. Co.*, 236 AD2d 769, 771 [1997]; *see also Matychak v Security Mut. Ins. Co.*, 181 AD2d 957 [1992], *lv denied* 80 NY2d 758 [1992]), even where the judgment was rendered by default (*see* 70A NY Jur 2d, Insurance § 1976). The insurer's defenses in such an action are limited to those it would have against the insured (*see McNamara v Allstate Ins. Co.*, 3 AD2d 295 [1957]; *Fox v Employers' Liab. Assur. Corp.*, 243 App Div 325 [1935], *affd* 267 NY 609 [1935]), and in this instance, those defenses have already been rejected as a matter of law.

In the absence of any remaining factual issues, plaintiff is entitled to summary judgment. Concur—Mazzarelli, J.P., Andrias, Saxe, Williams and Catterson, JJ.